## S89A0599. CIMILDORO v. THE STATE.
### (387 SE2d 335)

CLARKE, Chief Justice.

Anthony Cimildoro was convicted of enticing a child for indecent purposes. He appeals, challenging the constitutionality of OCGA § 24-3-16, which permits certain hearsay evidence to be introduced in child

molestation cases. He also challenges the sufficiency of the evidence against him. We affirm the conviction.

1. We address first the sufficiency of the evidence. Cimildoro asserts that there was insufficient evidence of asportation, an element of the crime of enticing a child for indecent purposes. He asserts that proof of physical "taking," rather than enticing or luring, is required in this case because the indictment alleged that he "unlawfully [took the child] to a place, to wit: a tool storage room and a vacant apartment. . . ." He further asserts that the only evidence of asportation was contained in hearsay statements related to the jury by the investigating police officer and the Family and Children Services caseworker. This evidence, he suggests, is constitutionally insufficient to support a conviction.

We disagree. The case involved two incidents, one that took place in a tool shed and one that took place in a vacant apartment. The child testified that she walked into the tool shed "with [Cimildoro] because I was just walking with him." Once inside, he persuaded her to lie down on a board so that he could molest her. In the other instance, she testified that she entered the vacant apartment on her own volition. But, again, once inside Cimildoro took her to a bedroom where he convinced her to lie down on a stool in order to molest her.

The offense described in OCGA § 16-6-5, "enticing a child for indecent purposes," has been held to include the element of "asportation." See, e.g., *Dennis v. State*, 158 Ga. App. 142 (279 SE2d 275) (1981). It does not, however, require "abduction." A child may be "taken" by persuasion, enticement or temptation. The statute itself describes the various ways that a child may be "taken." It provides, "[a] person commits the offense of enticing a child for indecent purposes when he solicits, entices, or takes any child under the age of 14 to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5. We hold that the "asportation" element of the offense is satisfied whether the "taking" involves physical force, enticement, or persuasion.

The evidence in this case, even excluding the hearsay statements, amply supports the conclusion that defendant enticed, lured or convinced the child to go with him across the tool shed and onto a board and later into a bedroom for indecent purposes. This evidence is sufficient to satisfy the "taking" element of the offense. We therefore conclude that the evidence adduced at trial, when viewed in a light most favorable to the verdict, would authorize a rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next, Cimildoro challenges the constitutionality of OCGA § 24-3-16, which provides that

[a] statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

We note first that most constitutional challenges to the introduction of hearsay testimony at a criminal trial involve the Sixth Amendment right to confront witnesses. Although hearsay testimony has long been used to support criminal convictions, its use is bounded by the substantive limits of the confrontation clause. See, e.g., *California v. Green*, 399 U. S. 149 (90 SC 1930, 26 LE2d 489) (1970).

However, Cimildoro does not base his constitutional challenge on the confrontation clause of the U. S. Constitution. Although the prosecution introduced statements the child made to the investigating police officer and to a caseworker with the Department of Family and Children Services, the child testified before the jury and was subject to cross-examination. Thus, no violation of the Sixth Amendment right to confront witnesses occurred. See *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

Cimildoro asserts that the statute violates the due process and equal protection clauses of the U. S. Constitution because it allows a defendant to be convicted on the basis of unreliable hearsay testimony and because it irrationally discriminates against defendants accused of molesting children under 14.

Having concluded that the evidence, even excluding the hearsay statements, amply supports the verdict, we need not address either his due process or equal protection claim.

*Judgment affirmed. All the Justices concur, except Smith, P. J., who concurs in the judgment only.*

DECIDED JANUARY 25, 1990.

*Steven Harrell,* for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Donald L. Johnstono, Assistant District Attorneys,* for appellee.