A95A0080. BRAGG v. THE STATE.
(457 SE2d 262)

McMURRAY, Presiding Judge.

Defendant Bragg appeals his convictions of two counts of aggravated child molestation, seven counts of child molestation, and two counts of enticing a child for indecent purposes. *Held:*

1. The first enumeration of error attacks defendant's conviction of two counts of enticing a child for indecent purposes on the theory that the state has failed to prove the asportation element of the crime. See OCGA § 16-6-5. Any asportation, however slight, is sufficient to show this element. *Morris v. State*, 179 Ga. App. 228, 229 (4) (345 SE2d 686). "[T]he 'asportation' element of the offense is satisfied whether the 'taking' involves physical force, enticement, or persuasion." *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335).

"Accordingly, in the absence of sufficient probative evidence that appellant *himself enticed* the victims *onto* the premises with the *present intention* to commit acts of indecency or child molestation after they had been enticed there, his convictions for violating OCGA § 16-6-5 cannot stand. *Sanders v. State*, 145 Ga. App. 73 (243 SE2d 274) (1978)." *Lasseter v. State*, 197 Ga. App. 498 (1) (399 SE2d 85).

The relevant counts of the indictment alleged that defendant enticed the named children to a certain room for the purpose of showing a pornographic film. The evidence at trial was that defendant did show a videotape of such a film to the children named but is entirely silent as to how the children came to be in the room and before the television. The State argues that the required asportation is satisfied by evidence that defendant threatened to punish the children if they left or attempted to leave during the movie. However, no authority is cited and we are unable to find any which supports this theory. The concept of asportation relates to movement and there is no evidence that defendant caused the children to move towards the place from which they would view the movies. Therefore, we hold that there was no evidence authorizing defendant's convictions on the two counts of enticing a child for indecent purposes. *Lasseter v. State*, 197 Ga. App. 498 (1), supra.

2. The remaining enumeration of error questions the sufficiency of the evidence to authorize defendant's convictions on *four* counts (Counts 7, 8, 9 and 11) of child molestation involving the touching of the children's genital areas or breasts through their clothing. Defendant argues that these contacts with the children occurred inadvertently in the course of his wrestling and playing with the children and that no rational trier of fact could have found proof of child molestation beyond a reasonable doubt. We disagree, and find the evidence sufficient to authorize defendant's conviction on all four of these counts of child molestation. Any hypothesis of innocent conduct on the part of defendant is contradicted by the recurring and continuing incidents of touching the three victims of these four crimes, and by the evidence of similar conduct which illustrated defendant's state of mind and pattern of conduct. Viewed in the light most favorable to the verdict, the evidence authorized a rational trier of fact to find defendant guilty beyond a reasonable doubt of four counts (7, 8, 9, and 11) of the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ramsey v. State*, 214 Ga. App. 743, 744 (1) (448 SE2d 790).

*Judgment affirmed in part and reversed in part. Andrews and Blackburn, JJ., concur.*

DECIDED APRIL 27, 1995.

*Bennett & Hamilton, L. Hamilton Bennett III,* for appellant.
*Ralph Van Pelt, Jr., District Attorney, Melodie S. Bedford, Assistant District Attorney,* for appellee.