A96A1837. CLINE v. THE STATE.
(480 SE2d 269)

Judge Harold R. Banke.

James Cline was convicted of cruelty to children and two counts of child molestation.[1] On appeal he enumerates four errors.

The evidence, viewed in the light most favorable to the verdict,

---

[1] Cline was charged with molesting a third child, the eight-year-old sister of one of the other victims, but he was acquitted of that charge.

revealed the following. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). At trial, three females testified that Cline had fondled them. Two were the young victims of the convictions at issue. The third, a similar transaction witness, was Cline's adult niece who testified that when she was between the ages of six and eight Cline fondled her breasts and made her touch his penis.

The first victim was an eight-year-old neighbor who often played with Cline's daughter. She testified that the first incident of molestation occurred while she, Cline, and his daughter were watching television. After the daughter left the room, the victim climbed onto Cline's lap and he touched her vaginal area beneath her clothing. She testified that he fondled her on at least one other occasion as well. The victim related these incidents to her teacher and her mother after a class on "good touch, bad touch." Both corroborated her testimony. A Department of Family & Children Services ("DFCS") worker also talked with the victim and subsequently videotaped an interview with her which was admitted at trial.

The second victim, the 13-year-old child of family friends, testified that Cline first touched her on the breast and vagina when she was in the sixth grade. She stated that he touched the inside of her vagina with his hand and his penis. She also testified that he locked her in his bedroom to watch a pornographic video and then touched her with his hand and penis. In addition, she described a similar transaction which occurred in the sleeper of Cline's semi-truck during a trip to Louisiana when she was 11 or 12 in which he touched her breasts and vagina with his hand and penis. *Held*:

1. We reject Cline's contention that the State failed to prove the element of intent necessary to uphold his child molestation convictions. The pertinent elements of child molestation are (1) commission of an immoral or indecent act; (2) to or in the presence of or with any child under the age of 16; (3) with the intent to arouse or satisfy the sexual desires of either the child or the perpetrator. OCGA § 16-6-4 (a).

Both victims' testimony indisputably satisfies the first two elements. Cline's intent may be inferred from his actions. *Andrew v. State*, 216 Ga. App. 427, 428 (454 SE2d 542) (1995). Moreover, the 13-year-old victim's testimony that Cline told her he had an injury to his penis and his doctor told him to have sex with younger people so he could get hard also provides evidence of intent. We conclude that the evidence was sufficient for a rational trier of fact to find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. at 319-320. The statute does not require proof of actual arousal; thus, Cline's assertion that he did not have an erection is irrelevant.

2. Cline argues that the trial court's denial of his motion for mistrial after a DFCS employee testified that she found one of the vic-

tims "credible" during a pre-trial interview requires reversal of Count 3, the charge relating to the eight-year-old victim. We disagree.

The offensive testimony was an unresponsive answer to the State's inquiry as to whether the DFCS worker noticed anything "out of the way" about the victim's physical demeanor or mannerisms during their interview. The DFCS worker responded, "Not out of the way. What I remember documenting was that at the time I felt she was very credible." Cline's counsel immediately objected and moved for a mistrial. The trial court sustained the objection and denied the motion. Cline's counsel did not request a curative instruction and none was given.

This testimony was clearly improper. *Lagana v. State*, 219 Ga. App. 220, 221 (1) (464 SE2d 625) (1995) (" 'In no circumstance may a witness' credibility be bolstered by the opinion of another . . . as to whether the witness is telling the truth.' "); *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994). However, reversal is not required because Cline admitted he touched the eight-year-old's vaginal area on several occasions. See *Stamey v. State*, 194 Ga. App. 305, 306 (1) (a) (390 SE2d 409) (1990) (physical precedent only, Court of Appeals Rule 33 (a)) (finding that social worker's bolstering did not usurp jury's authority because she also recited "to exhaustion" the criteria for determining the truthfulness of children); see also *Moss v. State*, 216 Ga. App. 711, 714 (5) (455 SE2d 411) (1995) (defense not prejudiced by failure to object to bolstering testimony). Although he denied touching the eight-year-old beneath her underwear, such proof is not required to establish the offense and the indictment only charged him with fondling the child's vaginal area without mentioning her garments. *Bragg v. State*, 217 Ga. App. 342, 343 (2) (457 SE2d 262) (1995). Cline's admission, the fact that the State in no way elicited the gratuitous and unresponsive testimony, and the amount of evidence supporting the conviction distinguish *Flowers v. State*, 220 Ga. App. 814, 815 (2) (468 SE2d 199) (1996).

3. We decline to reach Cline's argument that the trial court erred in giving a charge on the similar transaction evidence which limited its application to show state of mind or to corroborate the testimony of witnesses. Cline waived the purported error by failing to object to the charge. *Penaranda v. State*, 203 Ga. App. 740, 741 (1) (417 SE2d 683) (1992). Nor did he file a proper written request to charge on this issue. Compare *Moore v. State*, 202 Ga. App. 476, 480 (3) (414 SE2d 705) (1992).

4. Cline failed to satisfy his burden of proving ineffective assistance of counsel. To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable

probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). We need not inquire into counsel's alleged deficiency absent a showing of prejudice. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995).

Cline argues that his counsel was unprepared because he failed to interview the State's witnesses and did nothing when told that after one of the victims testified, she asked a DFCS worker, "Did I say what you wanted me to?" Cline presented no evidence, argument, or authority demonstrating how either of these alleged errors prejudiced his defense. *Brown v. State*, 257 Ga. at 278 (2); see Court of Appeals Rule 27 (c) (2). Having reviewed the trial and amended motion for new trial transcripts, we cannot say the trial court clearly erred in rejecting Cline's claim of ineffectiveness. *Maner v. State*, 221 Ga. App. 826, 828 (1) (b) (472 SE2d 716) (1996).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1997.

*Richard E. Hicks*, for appellant.

*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.