**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**August 16, 2012**

# In the Court of Appeals of Georgia

A12A1534. HEARD v. THE STATE.                    BO-058C

BOGGS, Judge.

Following a bench trial, Dale Heard was convicted of criminal attempt to entice a child for indecent purposes. Heard appeals, asserting only a challenge to the sufficiency of the evidence. We reverse because the State presented insufficient evidence to support the only crime with which it charged Heard.

On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence. *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). An appellate court does not weigh the evidence or determine witness credibility; instead, it decides whether, under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Id.

So viewed, the evidence shows that in July 2011, the 12-year-old victim received a text from an unknown number stating, "hey [victim's first name], what's up?" When the victim asked who was sending her the text, she learned that it was Heard, the father of teenage boys with whom she was friends. When she inquired about why he was sending her text messages, he responded "I don't know, for the fun it." They exchanged numerous text messages[1] and at some point during their exchanges, Heard asked the victim to "send a naked shot." The victim responded, "no," and when Heard asked "why," she explained "because you're old and that is just wrong." During the time period that Heard was sending her text messages, the victim contacted one of his sons and asked him to tell his father to stop sending her text messages.

Heard lived "roughly adjacent" to the home which the victim's mother rented[2] in a "family-oriented community" with "a lot of children in the area." While the

---

[1] The record does not contain the content of each text message exchanged between Heard and the victim.

[2] At the time of the trial, the victim and her mother had moved to another location.

victim testified that she had never had problems with Heard in the past, she found it "odd" that every time she was outside at a friend's house nearby, Heard would always go outside and sit on his porch or mow his lawn even though the grass did not need mowing.

The victim's mother learned about Heard's texts from one of the victim's friend's mother. After confirming with her daughter that Heard had sent her a text message requesting a naked photo, the mother confronted Heard at his home. Heard admitted sending a text message to the victim and "said he did ask for a picture and may have mentioned naked." The mother contacted the sheriff's department, and Heard told the responding deputy that he had received a request for a naked picture that he may have accidentally forwarded to the victim. In a later videotaped interview with a sheriff's department investigator, Heard admitted sending a text message to the victim.

A Verizon Wireless representative testified that approximately 40 text messages were exchanged between a phone registered to Heard's wife and a phone used by the victim between 11:26 a.m. and 12:54 a.m. The representative also demonstrated how a person would have to manually enter a phone number to forward

a message on a Blackberry Model 9330, the same phone used by Heard to send text messages to the victim.

The State charged Heard with only one crime for his text message: criminal attempt to entice a child for indecent purposes. See OCGA §§ 16-4-1 and 16-6-5 (a). On appeal, Heard argues that the conduct proved by the State during his trial cannot support a conviction for attempting to entice a child because the State cannot prove attempted asportation, an essential element of child enticement. He admits in his brief to this court that his conduct "might have been some other crime," refers to the criminal exploitation of children statute, OCGA § 16-12-100 (b) (1),[3] and notes that this crime does not have an asportation element.

Heard correctly asserts that the crime of enticing a child includes an asportation element. See *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990). "A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." OCGA 16-6-5(a). "[T]he

---

[3] This Code Section makes it "unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct."

asportation element of this offense is satisfied whether the 'taking' involves physical force, enticement, or persuasion." (Punctuation omitted.) *Cimildoro*, supra, 259 Ga. at 336. "The concept of asportation relates to movement, and a conviction for enticing a child cannot be sustained without evidence of movement. See *Bragg v. State*, 217 Ga. App. 343 (1) (457 SE2d 262) (1995) (no evidence defendant caused children to move toward place where pornographic movies would be viewed); *Henderson v. State*, 303 Ga. App. 531, 534 (2) (694 SE2d 185) (2010) (no evidence defendant enticed, persuaded or lured children into another area of house).

The State correctly asserts that it was not required to prove completed asportation because it charged Heard with *attempted* enticing of a child. Instead, it must satisfy the elements of the criminal attempt statute, OCGA § 16-4-1, which provides: "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." In *Dennard v. State*, 243 Ga. App. 868, 872 (1) (c) (534 SE2d 182) (2000), we addressed the interplay between the asportation element of enticing a child and a charge of attempt. We concluded that the defendant was properly charged with attempted enticing of a child because the defendant arranged a meeting with the victim at a local mall. Although the victim did not go to

5

the proposed meeting, we found that the defendant had taken a substantial step toward the commission of the crime. "[I]f the intended victim had responded to [the defendant]'s enticement by proceeding to the arranged meeting place, the element of asportation would have been satisfied" for the completed crime. Id. at 873-874 (1) (c).

In contrast to the facts presented in *Dennard*, the victim's compliance with Heard's request to send a naked picture would not have satisfied the element of asportation because the request did not attempt to entice or persuade the victim to go to another place. Without evidence that Heard attempted to move the victim "any place whatsoever," the State failed to prove that Heard possessed the requisite intent to commit the crime of enticing a child and that he took a substantial step toward committing that crime.

Therefore, while the State presented sufficient evidence showing that Heard requested a 12-year-old minor to send him a naked picture, it presented insufficient evidence to prove all of the elements of the only crime with which it charged Heard: attempted enticing of a child. On appeal from a criminal conviction, our role is limited to reviewing whether the State presented sufficient evidence to sustain the crime for which a defendant was charged and convicted. We therefore cannot remedy

6

the State's failure to charge Heard with a different crime for which this evidence might have been sufficient to affirm a conviction and are constrained to reverse.

*Judgment reversed. Doyle, P. J. and Andrews, J., concur.*