**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 5, 2013**

# In the Court of Appeals of Georgia

A12A2419. MOORE v. THE STATE.

BARNES, Presiding Judge.

Following a bench trial, the trial court found Robert Lee Moore guilty of enticing a child for indecent purposes, sexual battery against a child under the age of 16, and child molestation. On appeal from the denial of his motion for new trial, Moore challenges the sufficiency of the evidence supporting his conviction for enticing a child for indecent purposes and contends that his trial counsel rendered ineffective assistance. For the reasons discussed below, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict[.]" *Vadde v. State*, 296 Ga. App. 405 (674 SE2d 323) (2009). So viewed, the evidence showed that in 2007, the 14-year-old female victim began living with Moore, her biological father, at his apartment in Clayton County, Georgia.

The victim often would sleep in the living room of the residence, while other family members slept in the bedrooms. When the victim was asleep, Moore would lie down behind her and touch her breasts and vagina with his hands and rub his penis against her vagina. If she resisted, Moore would engage in "fist fighting" with her or would discipline her.

According to the victim, the sexual abuse occurred about "[e]very other week" at the apartment until Moore moved to Lorain, Ohio in 2008. The victim never told anyone in Georgia about the abuse because Moore had threatened to kill himself and the victim if she ever reported it.

In March 2009, the victim moved to Ohio to live with Moore. Two days after moving in with Moore, the victim, barefoot and coatless, fled to her grandmother's house located nearby and disclosed to her that Moore had sexually abused her in Georgia. She was scared that Moore would begin sexually abusing her again. The grandmother called the police after the victim disclosed the abuse to her.

A detective from the City of Loraine Police Department interviewed the victim on two separate occasions about the sexual abuse. The detective also interviewed Moore after advising him of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Moore told the detective that he thought there was

2

"something wrong with him" and admitted that he had engaged in "inappropriate acts" with the victim. He also stated that he had paid the victim for "sexual favors" to keep her from "selling herself sexually on the streets." Moore indicated that these incidents had occurred in Georgia.

During the interview, Moore asked the detective to deliver a letter to the victim in which he wrote, "I have a mental problem" and "I loved you too much 2 where it got outta hand." He further wrote that he had wanted the victim to stop "messing up" in school and "in the streets" and that he "did everything that [he] could to stop [her] from messing up." Moore also stated in the letter, "People in jail don't like the fact that a father had sex with his daughter & I may not make it out [of] jail."

The Ohio police detective provided the information he had gathered from his investigation to the Clayton County Police Department. A Clayton County grand jury subsequently returned an indictment charging Moore with enticing a child for indecent purposes, sexual battery against a child under the age of 16, and child molestation. He waived his right to a jury trial. At the ensuing bench trial, the victim, the victim's grandmother, the Ohio police detective, and the Clayton County police detective assigned to the case testified on behalf of the State.

3

Moore chose to testify, admitting that "some of the things [the victim] did say were true" and that there were times when he would make a "pass" at her. He further testified that while the victim lived with him in Georgia, she was a chronic runaway. According to Moore, "[s]he would run away and wouldn't come back for weeks, sometimes days" and would not always "come home from school," and he tried to "break her" of her "unruly" behavior and "adult attitude." He testified that he "did everything [he] could" to change her behavior, and he admitted that sometimes he would "whoop" the victim when she ran away. Additionally, Moore testified, "That is my daughter, [and] no one can tell me what I can do with my daughter," "I am [the] law, myself," and "I am allowed to love my daughter and support my daughter however I want to."

The trial court found Moore guilty of the charged offenses.[1] Moore filed a motion for new trial, contending that he received ineffective assistance from his trial counsel. Following an evidentiary hearing, the trial court denied the motion for new trial, resulting in this appeal.[2]

---

[1] The trial court merged the sexual battery conviction into the child molestation conviction for sentencing purposes.

[2] Because his motion for new trial had not been filed within the 30-day period prescribed by OCGA § 5-5-40 (a), Moore moved for leave to file an out-of-time

4

1. Moore contends that there was insufficient evidence to support his conviction for enticing a child for indecent purposes, arguing that the State failed to prove the essential element of asportation. We disagree.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations, punctuation, and emphasis omitted.) *Staib v. State*, 309 Ga. App. 785, 789-790 (2) (711 SE2d 362) (2011). See *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

motion for new trial when he filed his motion for new trial. Although the trial court did not expressly grant Moore leave to file an out-of-time motion for new trial, the court implicitly granted him leave by holding an evidentiary hearing on the merits of the motion for new trial and by denying the motion on its merits. "Because the trial court permitted [Moore] to file an out-of-time motion for new trial, we conclude [that] we have appellate jurisdiction of the appeal and address the merits." *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003).

"A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5. Because asportation is an essential element of the offense, a conviction for enticing a child cannot be sustained without evidence of movement of the victim. See *Rollins v. State*, __ Ga. App. __ (733 SE2d 841) (2012); *Heard v. State*, 317 Ga. App. 663, 665 (731 SE2d 124) (2012). However, asportation does not require "abduction" of the victim; while movement of the victim can be the result of physical force, it also can be the result of mere persuasion, enticement, or temptation. *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990). Moreover, any evidence, no matter how slight, is sufficient to establish asportation. *Hicks v. State*, 254 Ga. App. 814, 816 (3) (563 SE2d 897) (2002).

The indictment alleged that Moore enticed the victim to his Clayton County residence for the purpose of child molestation by "giv[ing] her money and not punish[ing] her for poor behavior." "Where conjunctive pleadings set forth more than one act by which the accused committed the crime, the evidence is sufficient so long as it shows at least one of the acts alleged." *Straker v. State*, 259 Ga. App. 904, 905-906 (a) (578 SE2d 568) (2003). Thus, the State could establish asportation through

6

evidence that Moore enticed the victim to his Clayton County residence for the purpose of child molestation either (1) by giving her money or (2) not punishing her for bad behavior.

When viewed in the light most favorable to the verdict, the trial testimony and all reasonable inferences drawn from it were sufficient to support a finding that Moore enticed the victim to his residence for purposes of child molestation by giving her money. The victim's testimony clearly established that Moore molested her at his Clayton County residence; Moore testified that the victim ran away from the residence on repeated occasions and that he "did everything [he] could" to change her behavior; and the Ohio police detective testified that Moore told him that he paid the victim for sexual favors to keep her from living on the streets as a prostitute. This combined testimony, when construed in favor of the verdict, would support a finding that Moore enticed the victim to return to his residence by offering her money for sexual favors when she would run away and was having to support herself on the streets. Consequently, the essential element of asportation, as alleged in the indictment, was satisfied.[3] See *Kelley v. State*, 301 Ga. App. 43, 45-46 (1) (686 SE2d

[3] Moore also contends that any enticement that occurred took place in Lorain, Ohio rather than in Clayton County, Georgia. But the victim testified that "everything happened" in Georgia. In addition, the Ohio police detective testified that when asked

810) (2009) (asportation established through evidence that defendant offered money to the victim for sexual intercourse and arranged for her to come to his house to have sex with him).

2. Moore also contends that the trial court erred in denying his motion for a new trial because his trial counsel was ineffective for failing to object and move for a mistrial in response to improper bolstering testimony by the victim's grandmother. Because Moore cannot show that he was prejudiced by his counsel's failure to object and move for a mistrial, he cannot succeed on his ineffective assistance claim.

> In order to succeed on his claim of ineffective assistance, [Moore] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (104 SC 2052, 80 LE2d 674) (1984). If [Moore] fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

about the "activities in Georgia," Moore admitted that he did "inappropriate acts" with the victim and paid her for sexual favors to keep her from "selling herself sexually on the streets."

(Citations and punctuation omitted.) *Lynch v. State*, 291 Ga. 555, 556 (2) (731 SE2d 672) (2012).

During her direct examination, the State asked the victim's grandmother several questions about the victim's initial outcry to her in Ohio in March 2009. The State then asked the grandmother whether the victim "gave . . . any details of what happened to her" to the Ohio police officers who responded to the grandmother's house after the outcry was made. The grandmother testified, in a non-responsive manner, that she told one of the police officers that she "believed" the victim "because of the way she was acting."

Moore contends that the grandmother's unresponsive comment reflecting that she believed the victim constituted improper bolstering of the victim's veracity and that his trial counsel was ineffective for failing to object to it and move for a mistrial. See *Strickland v. State*, 311 Ga. App. 400, 403 (a) (715 SE2d 798) (2011) ("It is well established that credibility of a witness is a matter for the jury, and a witness's credibility may not be bolstered by the opinion of another witness as to whether the witness is telling the truth.") (punctuation and footnote omitted). We conclude that even if Moore's trial counsel was deficient, the grandmother's testimony was not so

9

significant that there was a reasonable probability that the outcome at trial would have been different if counsel had objected and moved for a mistrial.

As an initial matter, absent a strong showing to the contrary, we presume that in a bench trial, the "judge has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent." (Citations and punctuation omitted.) *Jacobs v. State*, 299 Ga. App. 368, 375 (2) (d), n. 5 (683 SE2d 64) (2009). See *Bazin v. State*, 299 Ga. App. 875, 878 (3) (683 SE2d 917) (2009). Moore has failed to make that type of strong showing in this case.

Furthermore, the grandmother's improper testimony consisted of a single, unresponsive comment during the course of a trial with several witnesses. The victim testified at trial about the sexual abuse, and Moore had a full opportunity to test her credibility during cross-examination. Additionally, Moore confessed to the Ohio detective that he committed inappropriate sexual acts with the victim and paid her money for sexual contact; the State introduced into evidence the letter that Moore wrote to the victim in which he admitted sexually abusing her; and Moore testified at trial that some of the victim's testimony about the molestation was true.

Under these circumstances, and particularly in light of his own admissions to the police detective, in the letter he wrote to the victim, and on the stand at trial,

10

Moore cannot establish prejudice resulting from the grandmother's unresponsive comment. See *Thomas v. State*, __ Ga. App. __ (4) (a) (Case No. A12A1188, decided on Nov. 28, 2012) (pointing out that "where the bolstering testimony is not the only evidence linking the defendant to the crime, it is highly probable that the admission of such evidence did not contribute to the jury's verdict") (citation and punctuation omitted); *Cline v. State*, 224 Ga. App. 235, 237 (2) (480 SE2d 269) (1997) (bolstering testimony in child molestation case was harmless, where defendant admitted to improperly touching the victim). The trial court, therefore, did not err in denying Moore's motion for new trial.

*Judgment affirmed. McFadden, and McMillian, JJ., concur.*