**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 9, 2013**

# In the Court of Appeals of Georgia

A13A1057. STEPHENS v. STATE.

BARNES, Presiding Judge.

Steven Stephens appeals his conviction for child molestation. He contends that the evidence was insufficient to support his conviction, and thus the trial court erred in failing to grant his motion for a new trial. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict." (Citation omitted.) *Moore v. State*, 319 Ga. App. 696 (738 SE2d 140) (2013); see also *Jackson v. Virginia*, 443 U. S. 307, 318 (99 SCt 2781, 61 LE2d 560) (1979). So viewed, the evidence showed that on September 8, 2007, the 13-year-old victim planned to spend the weekend with her father, Stephens, for the first time. Her mother believed that they would be staying with Stephens' mother and his other children. Stephens arrived to pick his daughter up around 12:30, about three hours after she expected him. Instead of going to his mother's apartment, Stephens took the victim to an abandoned house across the street on the pretense that it was his

girlfriend's house. Inside, Stephens sexually assaulted his daughter and cleaned her with a towel afterward.

The victim reported the incident to her mother the next evening, and her mother called the police, who met them at the abandoned house. Officers found a towel in a closet inside. The victim initially stated that Stephens had only touched her with his hands, but after receiving a false positive for an STD from the hospital, she informed the investigator assigned to her case that Stephens had actually raped her.

Stephens was arrested and indicted for rape, child molestation, false imprisonment, and incest. The court directed a verdict on the incest count due to insufficient evidence that Stephens was legally the victim's father. The jury found him guilty of child molestation and not guilty of rape and false imprisonment. Stephens filed a motion for a new trial, arguing that the evidence does not support the verdict. The trial court denied this motion after a hearing. This appeal followed.

Stephens contends that a variance exists between the State's proof and the act alleged in the indictment. Accordingly, he maintains that he should be granted a new trial. We disagree.

> When a criminal defendant challenges the sufficiency of the evidence
> supporting his or her conviction, the relevant question is whether, after

viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It is the function of the jury, not this Court, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the evidence. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citations and punctuation omitted.) *Moore*, 319 Ga. App. at 398.

"A person commits the offense of child molestation when [he] does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a) (1). "If the indictment sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. . . . [A]verments must be proved as laid, or the failure to prove the same as laid will amount to a variance." (Citations and punctuation omitted.) *Ross v. State*, 195 Ga. App. 624, 625 (1) (b) (394 SE2d 418) (1990).

Here, the indictment alleges that Stephens committed child molestation by placing his hand on the victim's "female sex organ." Stephens claims that the State did not prove this offense because the victim did not specifically testify that this act occurred; rather, she testified that he touched her breasts and thighs. While this is

3

true, the victim also testified that Stephens cleaned her vaginal area with a towel after the assault. This court has "decline[d] to hold that evidence of skin-to-skin contact [is] required to prove that [the defendant] touched the victim's vagina or made physical contact with the victim's genital area, as alleged in the indictment." *Gunn v. State*, 300 Ga. App. 229, 230 (1) (684 SE2d 380) (2009).

Moreover, a number of other witnesses, including the victim's mother, the investigator assigned to her case, the physician's assistant who examined her after the assault, and a forensic interviewer testified that the victim's initial allegation was that Stephens touched her vaginal area. These prior statements were admissible as substantive evidence under the Child Hearsay Statute, former OCGA § 24-3-16. See *Chamblee v. State*, 319 Ga. App. 484, 485 (735 SE2d 810) (2012). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-14-8. Therefore, the evidence was sufficient for a rational trier of fact to have found Stephens guilty beyond a reasonable doubt of child molestation in the manner alleged in the indictment. Accordingly, the trial court did not err in denying Stephens' motion for a new trial.

*Judgment affirmed. Miller and Ray, JJ., concur.*