**FIFTH DIVISION**
**DILLARD, P. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2017**

# In the Court of Appeals of Georgia

A16A2120. SMITH v. STATE.

DILLARD, Presiding Judge.

In this interlocutory appeal, Joshua Smith appeals the trial court's denial of his general and special demurrers to the charged offenses of criminal attempt to entice a child for indecent purposes ("attempted-enticement") and child pornography. As to the attempted-enticement offense, Smith argues that the trial court erred because the indictment failed to allege a violation of Georgia law and there was a fatal variance between the charged offense and the language of the indictment. As to the child-pornography offense, Smith maintains that the trial court erred because this count was predicated on the deficient attempted-enticement count and the indictment failed to specify the conduct that is alleged to be, by its nature, an unlawful sexual offense against a child. For the reasons set forth *infra*, we affirm in part and reverse in part.

Although our decision turns solely on the language of the indictment, a summary of the background underlying the case is helpful to provide context for this appeal. Specifically, the record shows that on March 14, 2015, law-enforcement officers with the Pooler Police Department, along with agents from the Federal Bureau of Investigation, obtained several rooms at a local motel. After doing so, they placed an advertisement on the Internet indicating that there was a female alone in one of the rooms and provided an undercover officer's phone number. Shortly thereafter, the officer began receiving responses via text message, and he informed one individual—later identified as Smith—that the female referenced in the advertisement was under the age of 16. Smith then exchanged messages of a sexual nature with the officer, and eventually, Smith agreed to come to the room where he believed the minor female would be waiting for him. But when Smith arrived, he encountered law-enforcement officers and was immediately taken into custody.

Subsequently, Smith was charged with computer pornography (Count 1), obscene telephone contact with a child (Count 2), and criminal attempt to entice a child for indecent purposes (Count 3).[1] Smith then filed a general demurrer, special

[1] Although Count 3 of the indictment is entitled "enticing a child for indecent purposes, O.G.G.A. [§] 16-6-5," the indictment, in substance, charges only that Smith intended to commit that crime and took a "substantial step" toward doing so. Under

demurrer, and motion to quash all three counts of indictment. After the State's

response and a hearing on the matter, the trial court denied Smith's general and

special demurrers as to Counts 1 and 3, but granted his general demurrer as to Count

2. The court also granted Smith a certificate of immediate review, and we then

granted his application for an interlocutory appeal. This appeal follows.

An accused may challenge the sufficiency of an indictment by filing a general

or special demurrer.[2] A general demurrer challenges "the sufficiency of the *substance*

of the indictment, whereas a special demurrer challenges the sufficiency of the *form*

of the indictment."[3] An indictment shall be deemed sufficiently technical and correct

to withstand a general demurrer if "it states the offense in the terms and language of

---

such circumstances, we consider Count 3 of the indictment to have charged Smith with criminal *attempt* to violate OCGA § 16-6-5, rather than with a completed violation of that statute. *See* OCGA § 16-4-1 ("A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."); *Dennard v. State*, 243 Ga. App. 868, 871 (1) (a) (534 SE2d 182) (2000) ("[A] person is guilty of criminal attempt if with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." (punctuation omitted)); *see also infra* note 8.

[2] *State v. Harlacher*, 336 Ga. App. 9, 10 (783 SE2d 411) (2016); *accord State v. Corhen*, 306 Ga. App. 495, 496 (700 SE2d 912) (2010).

[3] *Harlacher*, 336 Ga. App. at 10 (punctuation omitted); *see also Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

3

this Code or so plainly that the nature of the offense charged may easily be understood by the jury."[4] In other words,

> if an accused would be guilty of the crime charged if the facts as alleged in the indictment are taken as true, then the indictment is sufficient to withstand a general demurrer; however, if an accused can admit to all of the facts charged in the indictment and still be innocent of a crime, the indictment is insufficient and is subject to a general demurrer.[5]

Furthermore, this Court reviews a trial court's ruling on a general or special demurrer *de novo* in order to determine "whether the allegations in the indictment are legally sufficient."[6] With these guiding principles in mind, we will now address Smith's specific claims of error.

1. In two separate enumerations of error, Smith argues that the trial court erred in denying his general demurrer to Count 3 of the indictment because it failed to allege a violation of Georgia law. We disagree.

In relevant part, Count 3 of the indictment charged that

---

[4] OCGA § 17-7-54 (a); *see also Harlacher*, 336 Ga. App. at 10.

[5] *Corhen*, 306 Ga. App. at 497; *see also Lowe v. State*, 276 Ga. 538, 539 (2) (579 SE2d 728) (2003); *Dunbar*, 209 Ga. App. at 98 (2).

[6] *Sallee v. State*, 329 Ga. App. 612, 616 (2) (765 SE2d 758) (2014); *see also Harlacher*, 336 Ga. App. at 10.

on or about the 14th day of March, 2015, with the intent to commit the crime of [e]nticing a [c]hild for [i]ndecent [p]urposes, [Smith] did unlawfully perform an act constituting a substantial step toward the commission of said crime, to wit: did unlawfully solicit and entice another person believed by said accused to be a child under 16 years of age, to meet him when he arrived at [a motel] in Pooler, Georgia, and did travel to such motel for the purpose of committing indecent acts and child molestation upon said child . . . in violation of Code Section 16-6-5 . . . .

And under OCGA § 16-6-5 (a), "[a] person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."

As noted *supra*, Smith argues that Count 3 of the indictment was insufficient to withstand a general demurrer because it failed to allege a violation of Georgia law. Specifically, Smith contends that the indictment failed to allege a violation of OCGA § 16-6-5 (a) because it charged him with enticing another person who he *believed to be* under the age of 16, while the language of the statute requires the State to prove that he enticed an actual child victim. This argument is a nonstarter. Smith was not charged with a completed violation of OCGA § 16-6-5 (a), but with having the *intent*

to commit that offense and performing an act that constituted a substantial step toward doing so.[7] Thus, although Count 3 was entitled "enticing a child for indecent purposes, O.G.G.A. [§] 16-6-5," the pertinent question before this Court is whether the indictment was sufficient to allege *an attempted* violation of OCGA § 16-6-5 (a).[8]

We agree with Smith that a *completed* violation of OCGA § 16-6-5 (a) requires that the enticement be of a victim who is an actual child under the age of 16. Indeed, in evaluating any statute, we must "afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would."[9] And OCGA § 16-6-5 (a) undoubtedly

---

[7] *See supra* note 1.

[8] *See* OCGA § 16-4-1 ("A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime."); *Morris v. State*, 310 Ga. App. 126, 131 (3) (712 SE2d 130) (2011) ("It is immaterial what the offense is called in the indictment as long as the averments of the presentment are such as to describe an offense against the laws of the State." (punctuation omitted)); *Hill v. State*, 257 Ga. App. 82, 84 (1) (570 SE2d 395) (2002) ("It is the description of the crime, rather than the description and number of the section under which it appears in the Code which furnishes the criterion for determining whether the indictment is good." (punctuation omitted)).

[9] *Mathis v. State*, 336 Ga. App. 257, 259 (784 SE2d 98) (2016) (punctuation omitted); *accord Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013);

6

requires there to be solicitation or enticement of an actual victim under the age of 16, rather than of someone, as in this case, who the accused merely *believed* to be a child.[10] In fact, not only must there be a child victim for a violation of OCGA § 16-6-5 (a), the statute also includes an asportation element, which requires some movement of that child.[11] Thus, the existence of a specific child victim is plainly an essential element that the State must allege to sufficiently charge a defendant with enticement of a child for indecent purposes in violation of OCGA § 16-6-5 (a).[12]

---

*see also Tibbles v. Teachers Retirement Sys. of Ga.*, 297 Ga. 557, 558 (775 SE2d 527) (2015) ("A statute draws it meaning, of course, from its text." (punctuation and citation omitted)).

[10] *See* OCGA § 16-6-5 (a) ( "A person commits the offense of enticing a child for indecent purposes when he or she *solicits, entices, or takes any child under the age of 16 years* to any place whatsoever for the purpose of child molestation or indecent acts." (emphasis supplied)).

[11] *See Cimildoro v. State*, 259 Ga. 788, 789 (387 SE2d 335) (1990) ("The offense described in OCGA § 16-6-5, 'enticing a child for indecent purposes,' has been held to include the element of 'asportation.'"); *Heard v. State*, 317 Ga. App. 663, 665 (731 SE2d 124) (2012) ("The asportation element of [OCGA § 16-6-5 (a)] is satisfied whether the 'taking' involves physical force, enticement, or persuasion. The concept of asportation relates to movement . . . ." (punctuation and citation omitted)).

[12] To the extent that the State, in their cursory brief, suggests that a child victim is not required for a violation of OCGA § 16-6-5 (a), we note that the computer-pornography statute (OCGA § 16-12-100.2 (d) (1)), unlike OCGA § 16-6-5 (a), expressly provides that the prohibited online solicitation may be of "a child [or]

7

But again, the indictment here only charged Smith with an *attempted* violation of OCGA § 16-6-5 (a), and "the mere fact that [the existence of a child victim] is an element of the completed crime does not mean that it is indispensable in proving criminal attempt."[13] Instead, the relevant question is whether "the defendant took a substantial step toward the commission of a crime."[14] Indeed, we have repeatedly held

---

*another person believed by such person to be a child . . . .*" (emphasis supplied). And under such circumstances, we must presume that if the General Assembly intended to criminalize under OCGA § 16-6-5 (a) the solicitation or enticement of another person who is not a child, but is believed by the accused to be a child, for indecent purposes, it certainly knew how to do so. *See generally Patterson v. State*, 299 Ga. 491, 495 (789 SE2d 175) (2016) (holding that OCGA § 16-5-20 (a) (2) does not require that a defendant *intend* to place a victim in reasonable apprehension of receiving a violent injury, and noting that the General Assembly certainly knew how to phrase a statute to include such a requirement as shown by its simultaneous enactment of another criminal statute, which included an intent requirement); *Fair v. State*, 284 Ga. 165, 168 (2) (b) (664 SE2d 227) (2008) (noting that if the General Assembly had intended to require knowledge of the victim's status as a peace officer in order for the aggravated circumstance under OCGA § 17-10-30 (b) (8) to apply, the General Assembly knew how to do so).

[13] *Dennard*, 243 Ga. App. at 871 (1) (a) (punctuation omitted); *see English v. State*, 301 Ga. App. 842, 843 (689 SE2d 130) (2010) ("The 'substantial step requirement [under the criminal-attempt statute] shifts the emphasis from what remains to be done to what the actor has already done. The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial." (punctuation omitted)).

[14] *Dennard*, 243 Ga. App. at 871 (1) (a) (punctuation omitted); *accord Massey v. State*, 267 Ga. App. 482, 483 (600 SE2d 437) (2004).

that a conviction for attempted child molestation—an offense that, to be completed, obviously requires the existence of a child victim[15]—may be sustained "when the defendant communicated with an adult whom the defendant believed to be a child under sixteen years old and took substantial steps to meet with that person to engage in sexual activity that would constitute a violation of child molestation."[16] Similarly,

[15] *See* OCGA § 16-6-4 (a) ("A person commits the offense of child molestation when such person: (1) Does any immoral or indecent act *to or in the presence of or with any child under the age of 16 years* with the intent to arouse or satisfy the sexual desires of either the child or the person; or (2) By means of an electronic device, transmits images of a person engaging in, inducing, or otherwise participating in any immoral or indecent act *to a child under the age of 16 years* with the intent to arouse or satisfy the sexual desires of either the child or the person." (emphasis supplied)).

[16] *Lopez v. State*, 326 Ga. App. 770, 774 (1) (b) (757 SE2d 436) (2014); *see Brown v. State*, 321 Ga. App. 798, 800 (1) (743 SE2d 474) (2013) (holding that evidence that a defendant engaged in sexually explicit online communications with a law-enforcement officer posing as a 15-year-old girl and went to an arranged meeting place was sufficient to sustain a conviction for attempted child molestation, and noting that the fact that the 15-year-old did not actually exist did not preclude a conviction for *attempted* child molestation); *Logan v. State*, 309 Ga. App. 95, 99-100 (2) (a) (709 SE2d 302) (2011) (holding that evidence that the defendant, via electronic communications, asked law-enforcement officer posing as 14-year-old girl to engage in sexual intercourse and oral sodomy, and then carried a condom to an arranged meeting place, was sufficient to show that defendant took a substantial step toward committing child molestation and aggravated child molestation); *Smith v. State*, 306 Ga. App. 301, 302 (1) (702 SE2d 211) (2010) (holding that evidence that the defendant engaged in sexually explicit online conversations with an adult posing as a 15-year-old girl, drove to an arranged meeting place, and then fled from law-enforcement officers who were waiting at that place, was sufficient to sustain his conviction for attempted child molestation).

here, the indictment was sufficient to allege an attempted violation of OCGA § 16-6-5 (a) because it alleged that, with intent to entice or solicit a child for indecent purposes, Smith took a substantial step towards the commission of that crime (*i.e.* engaging in sexually explicit communications with a person who he believed to be under the age of 16, arranging a meeting place, and driving to a motel to meet her).[17]

Nevertheless, to support his apparent argument that a defendant may never be charged with or convicted of criminal attempt to commit a crime when, under the circumstances, the underlying crime was impossible to complete, Smith relies on this Court's decisions in *McIntosh v. State*[18] and *State v. Harlacher*.[19] But neither of those cases set forth such a sweeping generalization regarding criminal attempt, and both

---

[17] *See Castaneira v. State*, 321 Ga. App. 418, 423-24 (2) (740 SE2d 400) (2013) (affirming convictions for criminal attempt to commit child molestation and criminal attempt to entice a child for indecent purposes when there was evidence that the defendant took substantial steps to commit those crimes by communicating with and arranging to meet a police detective who the defendant believed to be a 15-year-old girl); *Adams v. State*, 312 Ga. App. 570, 570-71, 577 (3) (a) (718 SE2d 899) (2011) (holding that the evidence was sufficient to support a conviction for attempted enticement of a child for indecent purposes when the defendant exchanged sexual messages with a police investigator who claimed to be a 14-year-old girl and drove to a park where he had arranged to meet her).

[18] 23 Ga. App. 513 (98 SE 555) (1919).

[19] 336 Ga. App. 9 (783 SE2d 411) (2016).

10

are easily distinguishable. In *McIntosh*, unlike this case, we addressed the requirements to sufficiently charge a defendant with a *completed* crime (forgery), not with criminal attempt to commit that crime.[20] And contrary to Smith's arguments, *Harlacher* was decided narrowly in the context of an attempted aggravated-assault charge in which the completed offense would have required the defendant, who pointed a handgun at the victim, to have placed that victim in "reasonable apprehension of immediately receiving a violent injury."[21] However, in that case, the victim was unaware that the defendant had brandished a firearm, and our Supreme Court has held that, under those particular circumstances, a defendant may only be charged with and convicted of a misdemeanor—pointing or aiming a gun at another without legal justification.[22] Relying on that precedent, we held that, unless the defendant placed the victim in reasonable apprehension of harm, he could only be charged with the misdemeanor of pointing a firearm, not attempted aggravated

---

[20] *See generally McIntosh*, 23 Ga. App. 513.

[21] *See Harlacher*, 336 Ga. App. at 12-13 (punctuation omitted).

[22] *See Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670) (1987); *Manzano v. State*, 282 Ga. 557, 558-59 (2) (651 SE2d 661) (2007); *see also Harlacher*, 336 Ga. App. at 12-13; OCGA § 16-11-102 ("A person is guilty of a misdemeanor when he intentionally and without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded.").

11

assault.[23] Moreover, nothing in *Harlacher* or the Supreme Court cases upon which it relies remotely suggests that a defendant cannot be charged with or convicted of attempting to commit a sex crime against a minor when, as here, the defendant takes a substantial step to commit that crime, but ultimately cannot do so because there is no actual child involved. In fact, OCGA § 16-4-4 specifically provides that

> it is no defense to a charge of criminal attempt that the crime the accused is charged with attempting was, under the attendant circumstances, factually or legally impossible of commission if such crime could have been committed had the attendant circumstances been as the accused believed them to be.

And again, this Court, as authorized by OCGA § 16-4-4, has repeatedly upheld convictions for attempted child sex crimes when the alleged victim was actually a law-enforcement officer posing as a minor.[24] Thus, the trial court did not err in denying Smith's general demurrer to Count 3 of the indictment.

---

[23] *See Harlacher*, 336 Ga. App. at 12-13.

[24] *See supra* notes 16 and 17. We note that this Court has also held that an indictment was sufficient to allege criminal attempt to commit a crime in other contexts when it was not possible for the accused to complete that crime. *See, e.g.*, *Davis v. State*, 281 Ga. App. 855, 857-59 (1) (637 SE2d 431) (2006) (holding that the indictment was sufficient to charge criminal attempt to purchase cocaine when the "buyer" was a confidential informant and there was no actual cocaine involved).

12

2. In a similar enumeration of error, Smith also argues that the trial court erred in denying his special demurrer to Count 3 of the indictment because there is a fatal variance between the offense that he is charged with committing and the language of the indictment. Again, we disagree.

As explained by our Supreme Court, "[a]n indictment that is not subject to a general demurrer may, however, be subject to a special demurrer, which challenges the specificity of the indictment."[25] More specifically,

> [t]he true test of the sufficiency of an indictment to withstand a special demurrer is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[26]

Furthermore, averments in an indictment "as to the specific manner in which a crime was committed are not mere surplusage, and such averments must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the

---

[25] *State v. Wyatt*, 295 Ga. 257, 260 (2) (759 SE2d 500) (2014).

[26] *Id.* (punctuation omitted).

13

defendant's right to due process of law."[27] But here, the sole basis for Smith's cursory argument that there was a fatal variance between the indictment and the charged offense is that the indictment references a violation of OCGA § 16-6-5, while the *language* of the indictment charges him, in substance, with criminal attempt to commit that offense in violation of OCGA § 16-4-1. But this argument ignores the fact that it is the substantive description of the crime, "rather than the description and number of the section under which it appears in the Code[,] which furnishes the criterion for determining whether the indictment is good."[28] As a result, given our holding in Division 1 *supra* (*i.e.*, that the language of the indictment was sufficient to allege an attempted violation of OCGA § 16-6-5 (a)), it is immaterial that the indictment failed to specifically reference the criminal-attempt statute.[29]

---

[27] *New v. State*, 327 Ga. App. 87, 102 (3) (e) (755 SE2d 568) (2014) (punctuation omitted); *accord Clemens v. State*, 318 Ga. App. 16, 19-20 (2) (733 SE2d 67) (2012).

[28] *Nye v. State*, 279 Ga. App. 347, 348-49 (2) (631 SE2d 386) (2006); *accord Hill*, 257 Ga. App. at 84 (1).

[29] *See Schaff v. State*, 275 Ga. App. 642, 643 (2) (b) (621 SE2d 595) (2005) (holding that "although the accusation did not cite a particular ordinance or statute, it is clear from the language in each of the charges that [the defendant] was accused of violating county ordinances"); *Hill*, 257 Ga. App. at 84 (1) (holding that the indictment sufficiently described the charges against the defendant and the State was not required to specify the statute that the defendant allegedly violated).

14

3. Next, Smith argues that the trial court erred in denying his general demurrer to Count 1 of the indictment, which charged him with computer pornography, because it was predicated upon the attempted-enticement count discussed *supra*, as well as other allegations that failed to allege a violation of Georgia law. This claim of error is likewise without merit.

Count 1 of the indictment charged Smith with the offense of computer pornography in violation of OCGA § 16-12-100.2 (d) in that, on or about March 14, 2015, he did

> intentionally and willfully utilize a computer on-line messaging service . . . to attempt to seduce, lure and entice another person believed by said accused to be a child under the age of 16 to commit the offenses of [e]nticing a [c]hild for [i]ndecent [p]urposes as described in Code Section 16-6-5 and to engage in conduct that by its nature is an unlawful sexual offense against a child in violation of Code Section 16-12-100.2
> . . . .

Without citing to any legal authority (other than the criminal statutes at issue), Smith summarily contends that because OCGA § 16-6-5 does not "criminalize the conduct at issue" for the reasons given in his previous enumerations of error, the computer-pornography count likewise does not allege a violation of Georgia law. But again, this argument is predicated on the false assumption that Count 3 charged Smith with a

15

completed violation of OCGA § 16-6-5, rather than an attempted violation. And similarly to Count 3, Count 1 of the indictment, which tracked the language in OCGA § 16-12-100.2,[30] charged Smith with using an online messaging service in an *attempt* to entice a child for indecent purposes in violation of OCGA § 16-6-5. Thus, for the same reasons given in Division 1 *supra*, we reject Smith's argument that Count 1 of the indictment failed to charge a violation of Georgia law.

4. Finally, Smith argues that the trial court erred in denying his special demurrer to the computer-pornography count of the indictment (Count 1) because it

---

[30] *See* OCGA § 16-12-100.2 (d) (1) ("It shall be unlawful for any person intentionally or willfully to utilize a computer wireless service or Internet service, including, but not limited to, a local bulletin board service, Internet chat room, e-mail, instant messaging service, or other electronic device, to seduce, solicit, lure, or entice, or *attempt to seduce, solicit, lure, or entice a child [or] another person believed by such person to be a child* . . . to commit any illegal act by, with, or against a child as described in Code Section 16-6-2, relating to . . . Section 16-6-5, relating to the offense of enticing a child for indecent purposes . . . or to engage in any conduct that by its nature is an unlawful sexual offense against a child." (emphasis supplied)); *see also Coleman v. State*, 318 Ga. App. 478, 480-81 (1) (735 SE2d 788) (2012) (holding that the indictment was sufficient to charge attempted burglary when it tracked the applicable statute and apprised the defendant of both the crime and the manner in which it was alleged to have been committed); *Davis*, 281 Ga. App. at 859 (1) (holding that an indictment was sufficient to charge the defendant with attempting to traffic in cocaine when it "track[ed] the applicable statutes in a manner that is easily understood, and it apprised [defendant] of both the crime and the manner in which it was alleged to have been committed").

16

failed to specify the conduct that the State alleges is, by its nature, an unlawful offense against a child. We agree.

As previously explained,

[a]n indictment is sufficient to withstand a special demurrer if it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[31]

Here, as set forth in Division 2, Count 1 of the indictment charged Smith with using a computer-messaging service to attempt to seduce, lure, and entice another person who he believed to be a child under the age of 16 to violate OCGA § 16-6-5 and "to engage in conduct that by its nature is an unlawful sexual offense against a child" in violation of Code Section 16-12-100.2. Relying on the Supreme Court of Georgia's decision in *Wetzel v. State*,[32] Smith contends that when the State charges a violation of OCGA § 16-12-100.2 (d) (1), as here, it is required to "plead that [the accused] utilized a computer to engage in conduct that violates a specific criminal law."

---

[31] *Sallee*, 329 Ga. App. at 616 (2) (punctuation omitted).

[32] 298 Ga. 20 (779 SE2d 263) (2015).

17

Smith is indeed correct that, in *Wetzel*, our Supreme Court held, in the context of reviewing a jury instruction, that in order to prove a violation of OCGA § 16-12-100.2 (d) (1), the State is required to "identify at least some underlying crime."[33] Specifically, the *Wetzel* Court held that the trial court erred by instructing the jury that

> [a] person commits the offense of computer pornography when he intentionally utilizes an electronic device to seduce, solicit, or entice a child or an individual believed by such person to be a child to engage in any conduct that by its nature is an unlawful sexual offense against a child

because such an instruction "did not give the jury any inkling of the underlying offense upon which [that count] was based."[34] The Court further noted that the indictment also failed to identify the particular "unlawful sexual offense" at issue.[35] Under such circumstances, the trial court's instruction on that count "failed to give the jury proper guidelines for determining guilt or innocence."[36] Ultimately, in *Wetzel*, the defendant's conviction on the relevant count was reversed because the Supreme

---

[33] *Id.* at 26 (2) (b).

[34] *Id.*

[35] *See id.*

[36] *Id.* at 26-27 (2) (b) (punctuation omitted).

18

Court held that the erroneous jury instruction combined with the State's misleading closing argument was harmful error.[37]

Turning to the case *sub judice*, although Count 1 of the indictment, which alleged a violation of OCGA § 16-12-100.2 (d) (1), specifically identified enticement of a child for indecent purposes (OCGA § 16-6-5) as an offense that Smith allegedly attempted to commit, it also generally charged that he used a computer-messaging service to attempt to commit an "unlawful sexual offense." And while the indictment "tracked the relevant statutory language," it might also operate to "bestow upon the jury the power to create and then retroactively enforce an 'unlawful sexual offense' based solely on its feelings, or its beliefs regarding how the community would feel, about [Smith's] conduct."[38] Furthermore, because we are reviewing the indictment on interlocutory appeal, before any trial, we must "apply the rule that a defendant who has timely filed a special demurrer is entitled to an indictment perfect in form and in substance."[39] Thus, applying the analysis in *Wetzel*, Count 1 of Smith's indictment does not clearly apprise him of all of the alleged criminal conduct that he must defend

---

[37] *See id.* at 27 (2) (b).

[38] *Id.*

[39] *See Dennard*, 243 Ga. App. at 876 (2).

19

against at trial, and we are constrained to reverse the trial court's denial of his special demurrer as to Count 1 of the indictment.[40]

For all of the foregoing reasons, we affirm the trial court's denial of Smith's general and special demurrers to and motion to quash the attempted-enticement count of the indictment (Count 3) and its denial of Smith's general demurrer to the computer-pornography count (Count 1), but we reverse the trial court's denial of Smith's special demurrer to the computer-pornography count.

*Judgment affirmed in part and reversed in part. Reese and Bethel, JJ., concur.*

---

[40] *See supra* note 31 and accompanying text; *State v. Grube*, 293 Ga. 257, 260 (2) (744 SE2d 1) (2013) ("[T]o comport with constitutional due process an indictment charging a defendant with a criminal offense must satisfy two criteria: (1) it must contain the essential elements of the crimes and apprise a defendant of what he must be prepared to meet at trial; and (2) it must show with accuracy to what extent the defendant may plead a former acquittal or conviction."). It is worth noting that, of course, when "the trial court grants a special demurrer and quashes the indictment, it does not bar the State from re-indicting the defendant." *Chapman v. State*, 318 Ga. App. 514, 518 (1) (b) (i) (733 SE2d 848) (2012).