A90A1456. LASSETER v. THE STATE.
(399 SE2d 85)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of one count of child molestation and two counts of enticing a child for indecent purposes. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. As to his convictions for enticing a child for indecent purposes, appellant enumerates the general grounds.

"A 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. The crime of enticing a child for indecent purposes in violation of OCGA § 16-6-5 requires the showing of a joint operation of the act of enticing a child and the intention to commit acts of indecency or child molestation. Accordingly, neither the act of enticing a child without the requisite intent nor the intent to commit acts of indecency or child molestation without the requisite act would constitute a crime under OCGA § 16-6-5.

The evidence in the instant case showed that appellant lived in a house with his son, daughter-in-law and grandson. The house had a pool and a poolhouse. The victims of appellant's alleged criminal enticement were two friends of appellant's young grandson who were frequent visitors to the house. The evidence would certainly authorize a finding that the house itself was an enticing place for the victims to visit because of the swimming pool, their friendship with appellant's grandson and the existence of what the trial court termed "a generally attractive convivial atmosphere." However, the victims' self-induced enticement resulting from the mere presence of such attractive-but-otherwise innocuous conditions *on* the premises would not be evidence that appellant *himself* had committed any act with the requisite intent whereby the victims were enticed *to* the premises. "The offense described in OCGA § 16-6-5, 'enticing a child for indecent purposes,' has been held to include the element of 'asportation.' [Cit.]" *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990). Accordingly, in the absence of sufficient probative evidence that appellant *himself enticed* the victims *onto* the premises with the *present intention* to commit acts of indecency or child molestation after they had been enticed there, his convictions for violating OCGA § 16-6-5 cannot stand. *Sanders v. State*, 145 Ga. App. 73 (243 SE2d 274) (1978).

There was probative evidence that, on occasion, it was appellant

rather than his grandson who would extend to the victims an invitation to pay a visit to the house. There is, however, no probative evidence that, on any such occasion, appellant had done so with the requisite criminal intent. There was also probative evidence that, on occasion, appellant did have the requisite intent to commit acts of indecency or child molestation while the victims were visiting the house because he had actually committed such acts. There is, however, no probative evidence that, on any such occasion, it had been appellant, rather than his grandson, who had extended to the victims the invitation to pay a visit to the house. The State cites only one instance wherein it contends that the evidence was sufficient to show the *joint operation* of appellant's act of enticing a victim to the house and his intent to commit acts of indecency or child molestation. A victim did testify that on one of those occasions when he was subjected to appellant's acts of indecency or child molestation while visiting the house the invitation for his visit had been extended by appellant's grandson who had told him: "[Appellant] and me want you to come over." Contrary to the State's contention, however, this testimony is non-probative hearsay insofar as it purports to be evidence that it was *appellant* who had extended the invitation to the victim.

It is apparently the State's primary contention that, by adducing probative evidence that appellant himself would occasionally invite the victims to the house and probative evidence that he had committed acts of indecency or child molestation on some occasions when the victims were visiting, it met its burden of showing sufficient evidence to authorize appellant's convictions for violating OCGA § 16-6-5 notwithstanding the lack of probative evidence that any of the acts of indecency or child molestation had ever occurred after any of the invitations that had been extended by appellant himself. Under this theory, mere proof that appellant had actually committed an act of indecency or child molestation while the victims were visiting the house would demonstrate that the otherwise innocuous invitations that he had extended on any and all other occasions had been made with the requisite intent. However, such a theory cannot be sanctioned under OCGA § 16-2-1 which requires a showing of the *joint operation* of the proscribed act and the intention. Under the theory advanced by the State, it could adduce evidence of the extension of 100 otherwise innocuous invitations for a child to visit with only the last visit resulting in the commission of an act of indecency or child molestation and thereby secure a conviction for 100 counts of enticing a child.

Although a conviction under OCGA § 16-6-5 need not be based upon evidence that an act of indecency or child molestation was accomplished or even attempted, a conviction under that statute must nevertheless be based upon some evidence that *an act of indecency or*

*child molestation was the intended motivation for the enticement. Peavy v. State*, 159 Ga. App. 280, 282 (1a) (283 SE2d 346) (1981). Thus, evidence of a child's enticement to a location *followed* by the mere suggestion of an act of indecency or child molestation will authorize a conviction. *Peavy v. State*, supra. While the State in the instant case showed that appellant had enticed the victims to the house by extending them apparently innocuous invitations on some occasions and that appellant had actually committed acts of indecency or child molestation on the victims while they were visitors in the house on some other occasions, it *never* proved a single instance wherein an act of indecency or child molestation, whether merely suggested or actually perpetrated, was the intended motivation for appellant's invitation. The evidence adduced would clearly authorize a jury to find that appellant was guilty of the acts of child molestation that he actually committed while the victims were visiting the house, but it would not authorize a jury to find that appellant was also guilty of the separate crime of enticing the victims to the house for indecent purposes. *Sanders v. State*, supra. It follows that appellant's two convictions for violating OCGA § 16-6-5 must be reversed.

2. The trial court did not err in holding that the State had fully complied with Rule 31.3 and would, therefore, be allowed to introduce evidence of appellant's commission of similar offenses. See generally *Eidson v. State*, 182 Ga. App. 321, 322 (2) (355 SE2d 691) (1987); *Hall v. State*, 181 Ga. App. 92, 93 (1a) (351 SE2d 236) (1986).

3. We find no abuse of discretion in the trial court's decision to give the jury an *Allen* charge. See generally *Brown v. State*, 177 Ga. App. 284 (1) (339 SE2d 332) (1985).

4. The trial court correctly denied the motion to suppress evidence seized from the house pursuant to a warrant issued some four months after appellant's indictment. *Bayles v. State*, 188 Ga. App. 437 (373 SE2d 266) (1988).

5. The judgment of conviction and sentence for child molestation are affirmed. The judgments of conviction and sentences for enticing a child for indecent purposes are reversed.

*Judgments affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1990.

*Bray, Hancock & Cook, B. Thomas Cook, Jr., Alan J. Baverman,* for appellant.
*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant*

*District Attorney*, for appellee.