A08A0758. MOORE v. THE STATE.

(661 SE2d 868)

MIKELL, Judge.

Following a jury trial, Terry Moore was found guilty of enticing a child for indecent purposes (Count 1) and was sentenced to 20 years (15 to serve). He was acquitted of statutory rape (Count 2) and child molestation (Count 3). He appeals the trial court's denial of his motion for new trial, asserting in his sole enumeration of error that the evidence was insufficient to support the verdict. Finding no error, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence. This [C]ourt does not weigh the evidence or determine witness credibil-

---

ity, but only determines whether the evidence, viewed in the light most favorable to the jury's verdict, is sufficient under *Jackson v. Virginia*.[1] We uphold the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

Viewed in the light most favorable to the jury's verdict, the record reflects that on February 27, 2004, 15-year-old A. J. was out walking when Moore, whom A. J. had never met before that day, came out of a nearby barber shop. He stopped her, started a conversation, and asked her if she wanted to have her eyebrows "arched." When she said she had no money, he offered to do it for free. A. J. then went with Moore into the barber shop and, after he finished "arching" her eyebrows, he asked her to go with him to Ingles. She went with him to Ingles, and then they walked together in the direction of her group home. As they drew nearer the Pointe South Apartments, Moore told her that he did construction work there. He said he "needed to go get something" and asked if she wanted to walk to the Apartments with him. She agreed, and when they arrived at the Apartments, A. J. waited outside the leasing office while Moore obtained an apartment key.

Moore and A. J. entered the apartment, which smelled like paint and had the appearance of being worked on. A. J. testified at trial that Moore started to kiss her, "roughly and aggressively," touching her on her breast and buttocks. A. J. asked him to stop and moved backward to get away from him, but she tripped over something and fell backward against the wall. Moore put his arms around her, under her arms, and moved her onto the floor and got on top of her. A. J. continued to protest and to attempt to push Moore away, but he used one hand to hold her hands, and with his other hand, he moved her jeans and underwear down to her knees, lowered his pants, and attempted penetration. Later, Moore told A. J. not to tell about the incident because "he could go to jail for doing the thing that he did," and he gave her a $20 bill.

Moore asserts that the evidence was not sufficient to authorize a jury to find Moore guilty beyond a reasonable doubt of enticing a child for indecent purposes. We disagree. Under OCGA § 16-6-5 (a), "[a] person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." In order to establish a violation of this statute, the state must show "a joint operation of the act of enticing

---

[1]   443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2]   (Footnote omitted.) *Boyt v. State*, 286 Ga. App. 460 (1) (649 SE2d 589) (2007).

a child and the intention to commit acts of indecency or child molestation."[3] Here, the evidence authorized the jury to find that Moore enticed the victim into the apartment under the false pretense that he needed to get something there.[4] That Moore's real reason for taking A. J. to the apartment was to engage in sexual conduct was established by his subsequent actions inside the apartment.[5] This evidence was sufficient to establish that Moore acted with the requisite intent at the time he enticed A. J. to the apartment.[6]

The evidence was also sufficient to show the necessary element of asportation,[7] which may be satisfied "whether the 'taking' involves physical force, enticement, or persuasion."[8] The evidence outlined above authorized the jury to conclude that Moore persuaded A. J. to accompany him; and the fact that A. J. went voluntarily with Moore to the apartment did not foreclose a showing of asportation.[9] Under these circumstances, we conclude that a rational trier of fact could have found Moore guilty beyond a reasonable doubt of enticing a child for indecent purposes.

Moore contends, however, that his conviction for enticing a child for indecent purposes cannot stand in light of his acquittal of the charges of statutory rape and child molestation. Moore essentially argues that the verdicts reached by the jury were inconsistent. This argument is without merit. The inconsistent verdict rule in criminal cases has been abolished in Georgia.[10] Each count in an indictment is considered as if it were a separate indictment; thus, "consistency in the verdict is not necessary."[11] Moore's acquittals on the statutory rape and child molestation charges do not preclude the findings of fact necessary to support a conviction for enticing a child for indecent purposes, as the jury could believe a part of a witness's testimony and discredit other parts.[12]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[3] *Lasseter v. State*, 197 Ga. App. 498 (1) (399 SE2d 85) (1990). Accord *Carolina v. State*, 276 Ga. App. 298, 301 (1) (a) (623 SE2d 151) (2005).

[4] See *Carolina*, supra (enticement shown by evidence that defendant lured victim to his home under false pretense of needing to charge his cell phone).

[5] See id.

[6] Id.

[7] See *Cimildoro v. State*, 259 Ga. 788, 789 (1) (387 SE2d 335) (1990).

[8] Id. (asportation element satisfied where defendant convinced child victim to go with him into tool shed). Accord *Smith v. State*, 210 Ga. App. 634, 635 (2) (a) (437 SE2d 333) (1993) (defendant told victims to leave house and go to workshop).

[9] See *Carolina*, supra.

[10] See *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

[11] (Citation and punctuation omitted.) *Walker v. State*, 215 Ga. App. 790, 791 (1) (452 SE2d 580) (1994).

[12] See id.

DECIDED APRIL 23, 2008.

*Patricia F. Angeli*, for appellant.
*Jewel C. Scott, District Attorney, Holly W. Veal, Assistant District Attorney*, for appellee.