297 Ga. 86
FINAL COPY

S15A0340.  WILSON v. THE STATE.

BENHAM, Justice.

Appellant Andrea Renee Wilson appeals her convictions for felony murder and other crimes related to the death of Prince Davis.[1]  We affirm.

The record construed in a light most favorable to the verdict shows the victim was born in June 2004 and had no major health issues except asthma which was under control.  In 2005, the victim's mother was incarcerated.  In March 2006, the child went to live with appellant, who was the mother's cousin, and her boyfriend, co-defendant Corey Brown.  On January 16, 2007,

---

[1] On February 13, 2007, a Liberty County grand jury returned a true bill of indictment against appellant on two counts of malice murder, two counts of felony murder, and two counts of cruelty to children in the first degree.  On September 14, 2009, appellant was re-indicted.  The State announced it would be seeking the death penalty, but agreed to seek life without parole.  Appellant was tried with co-defendant Corey Brown before a jury from October 20, 2010, to October 27, 2010. The jury acquitted appellant on the two counts of malice murder, but found her guilty on the remaining charges.  On December 13, 2010, the trial court sentenced appellant to concurrent terms of life without parole for both counts of felony murder and to concurrent terms of twenty years each for the counts of cruelty to children in the first degree.  Appellant moved for a new trial on December 13, 2010, and amended the motion on June 19, 2012.  The trial court held a hearing on the motion on February 24, 2014.  On May 17, 2014, the trial court denied the motion for new trial, as amended, on the substantive grounds; however it issued a re-sentencing order on July 14, 2014, wherein it sentenced appellant to life without parole for one count of felony murder and merged the remaining counts.  Appellant filed a notice of appeal on July 17, 2014, and the case was docketed to the January 2015 term of this Court for a decision to be made on the briefs.

appellant found the victim fallen over in the car seat she had placed him in while she was cooking. Realizing he was not breathing, appellant took the unresponsive victim over to a neighbor's house, and the neighbor called 911. When first responders arrived, they noted that the victim had no pulse and was not breathing and so they rushed him to the hospital. Despite heroic measures, the child could not be revived.

At trial, the medical examiner testified that the child died from battered child syndrome. The child had approximately 200 non-accidental injuries, some of which were acute and some of which were at various stages of healing. These injuries included, among other things, bruising and scarring all over the child's body, blunt force trauma to the brain, bruised kidneys, a necrotic (gangrenous) toe, which resulted from an immersion burn, and bruised and swollen genitalia. The medical examiner testified that the child was also malnourished and had ketones which was indicative of starvation.

Appellant told police that she believed the child had a devil or demon in him and that he often had seizures or "fell out" and injured himself. She also told police that she gave the child prayer oil and had others pray for him. At trial, appellant testified that she and Brown both hit the child, although she

2

stated that she only hit the child's legs and hands with a switch or a wet washcloth.[2] Appellant stated that Brown would hit the child hard in the back with his hands and would beat the child with a belt. Appellant admitted that she had observed numerous injuries on the child and noted that he was sick and not eating, but never sought medical attention for any of his injuries or any illness prior to the child's death.

1. Appellant contends that the evidence was insufficient to convict because the medical examiner could not pinpoint any one injury or act by appellant that caused the child's death. We disagree.

> When construing Georgia's felony murder statute, this Court has held that causing the death of another human being means *proximate* causation. State v. Jackson, 287 Ga. 646 (2) (697 SE2d 757) (2010). "Proximate causation imposes liability for the reasonably foreseeable results of criminal . . . conduct if there is no sufficient, independent, and unforeseen intervening cause." Id. at 654. We consider the elements of the felony not in the abstract, but in the actual circumstances in which the felony was committed. Davis v. State, 290 Ga. 757, 760 (4) (725 SE2d 280) (2012).

Currier v. State, 294 Ga. 392, 394 (1) (754 SE2d 17) (2014). In this case, appellant and Brown were the only caretakers of the child from March 2006

---

[2]In her statement to police, appellant also stated she had hit the child with a flip-flop shoe.

until his death in January 2007. Appellant admitted that she and Brown hit the child. Appellant also admitted that she never sought medical attention for the child, although she was aware that he had injuries and was sick. The medical examiner concluded that the totality of the 200 chronic and acute injuries caused the child's death and that the child's body itself was a "smoking gun." This evidence was sufficient to convict appellant of the crimes for which the jury returned verdicts of guilt. See Cordero v. State, 296 Ga. 703 (__ SE2d __) (2015).

2. Appellant alleges her trial attorneys were constitutionally ineffective when they failed to object, based on hearsay and Confrontation Clause grounds, to the custodial statements co-defendant Brown made to police. In particular, appellant complains about Brown's statements that appellant cared for the victim's necrotic toe, that appellant believed the victim was possessed, that appellant used prayer oil on the child, that demons were taunting the two to hurt the child, and Brown's statement that he and appellant were planning an exorcism. Appellant argues that the admission of these statements harmed her because they were inculpatory and inflammatory.

In order to prevail on a claim of ineffective assistance of counsel,

appellant

> must show counsel's performance was deficient and that the
> deficient performance prejudiced him to the point that a
> reasonable probability exists that, but for counsel's errors, the
> outcome of the trial would have been different. A strong
> presumption exists that counsel's conduct falls within the broad
> range of professional conduct.

(Citations and punctuation omitted.) Pruitt v. State, 282 Ga. 30, 34 (4) (644

SE2d 837) (2007). If a defendant fails to meet her burden on one prong of the

two-prong test, then the other prong need not be reviewed by the Court.

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). Pretermitting

whether appellant's trial attorneys were deficient in their performance by

failing to make an objection to Brown's custodial statements, appellant has

not shown prejudice. Appellant herself testified that she treated the child's

necrotic toe by putting an ointment on it and covering it with a bandage. She

also told police during her custodial statements, the transcripts of which were

read to the jury, that she believed the child had a devil or demon in him and

that she used prayer oil on him in that regard. Although appellant never said

demons "taunted" her to hurt the child, she did admit that both she and

5

Brown hit the child because the child was behaving as if possessed by a devil or a demon. In addition, although appellant did not use the word "exorcism" in her discussions with police, she did say that she planned to have others in the community place their hands on the child and pray, presumably to rid him of the devil or demon possessing him. Thus, the record shows Brown's custodial statements were merely cumulative of appellant's own properly admitted statements and testimony. The failure of trial counsel to object to such cumulative evidence does not support a claim of ineffective assistance of counsel. See Jackson v. State, 288 Ga. 213 (2) (e) (702 SE2d 201) (2010).

Judgment affirmed. All the Justices concur.


Decided May 11, 2015.

Murder. Liberty Superior Court. Before Judge Stewart.

Robert L. Persse, for appellant.

Tom Durden, District Attorney, Sandra Dutton, Melissa L. Poole, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant

Attorney General, Christian A. Fuller, Assistant Attorney General, for

appellee.