**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 19, 2018**

# In the Court of Appeals of Georgia

A18A1081. GARZA v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Simon Salinas Garza was convicted of aggravated child molestation, aggravated sexual battery, two counts of child molestation, and enticing a child for indecent purposes. On appeal, he challenges the sufficiency of the evidence supporting the conviction for enticing a child and the sufficiency of the evidence of venue supporting one of the child molestation convictions, but we find the evidence sufficient to authorize convictions on both counts. He also argues that he received ineffective assistance of trial counsel in several respects, but we find that he has not met his burden of showing both that his trial counsel performed deficiently and that he was prejudiced by the deficient performance. So we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004) (citation omitted). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis omitted).

So viewed, the evidence showed that Garza was married to the grandmother of the victim, C. D. In November 2015, C. D. — then 13 years old — disclosed that Garza had molested her on numerous occasions over the course of several years. C. D.'s outcry occurred after her mother overheard C. D. and a female cousin of similar age discussing how Garza made them feel uncomfortable. C. D. had not previously revealed the abuse because Garza told her that if she did so, it would cause her medically-fragile grandmother to go into shock, have a stroke, and die.

C. D. testified that on several occasions, beginning when she was around 10 years old, Garza touched her chest and genitals over and under her clothing, inserted his finger and his penis into her vagina, and touched her unclothed anus with both his

2

finger and his penis. These acts occurred in several locations: Garza's house in Jonesboro, Georgia; two different houses in which C. D. had lived in Fitzgerald, Georgia; and a motel in Fitzgerald, Georgia where Garza and C. D.'s grandmother stayed while visiting. On those visits, C. D. and her cousins often would spend the night at the motel and C. D. would share a bed with Garza. On some occasions, Garza told C. D. to come with him and the grandmother to the motel. Although C. D. told Garza to stop touching her, he continued to do so. Garza told C. D. that, despite his actions, she was still a virgin because he did not penetrate her enough to break her hymen.

After C. D. disclosed the molestation, she gave a forensic interview in which she repeated those disclosures. A physical examination revealed that C. D.'s hymen had gaps of missing tissue, which suggested previous sexual activity.

When Garza first learned of C. D.'s outcry, he contemplated fleeing and said to the grandmother, "Why couldn't that young 'un have kept quiet until after the holidays?" In a custodial interview after being arrested, Garza denied molesting C. D., but he stated that, due to erectile dysfunction, he could not have sufficiently penetrated C. D. to break her hymen and, in his words, take her virginity.

The state presented other acts evidence that Garza previously had been convicted of child molestation and that he had impregnated his 19-year-old stepdaughter after drugging her drink. When C. D.'s grandmother married Garza, she knew that Garza was on the sex offender list and had a child with his stepdaughter, but she was not aware of his prior convictions.

(a) *Conviction for enticing a child for indecent purposes.*

Garza challenges the sufficiency of the evidence supporting his conviction for enticing a child for indecent purposes. A person commits this offense "when he or she solicits, entices, or takes any child under the age of 16 to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5 (a). The state accused Garza of committing this offense by soliciting C. D. to go to the motel for the purpose of child molestation.

A conviction for enticing a child requires evidence of "a joint operation of the act of [soliciting] a child and the intention to commit acts of indecency or child molestation." *Lasseter v. State*, 197 Ga. App. 498 (1) (399 SE2d 85) (1990). Stated otherwise, for Garza's conviction to be affirmed there must be evidence that he "himself [solicited C. D. to the motel] with the present intention to commit acts of indecency or child molestation after [she] had been [solicited] there[.]" Id. (citation

4

and emphasis omitted). C. D. testified that sometimes Garza "would tell [her] to come with [him and her grandmother]" to the motel. C. D.'s testimony and the statement she made in the recorded forensic interview also indicated that Garza regularly molested her when she went with him and her grandmother to the motel. So, unlike in *Lasseter v. State*, supra at 499-500 (1), which Garza cites, there was probative evidence from which the jury could infer that, on at least one occasion, Garza told C. D. to accompany him to the motel and then molested her. That subsequent act of molestation is evidence that Garza intended to molest C. D. when he told her to go to the motel with him. See *Moore v. State*, 291 Ga. App. 270, 272 (661 SE2d 868) (2008).

(b) *Conviction for child molestation.*

Garza challenges the sufficiency of the evidence establishing venue as to one of his convictions for child molestation, which was based on his act of touching C. D.'s anus with his penis and finger. We assess this challenge under the same standard by which we assess the sufficiency of the evidence establishing guilt, "view[ing] the evidence [as to venue] in the light most favorable to the verdict and inquir[ing] whether the evidence would authorize a rational trier of fact to find beyond a reasonable doubt that venue was properly laid." *Martin v. McLaughlin*, 298 Ga. 44,

5

46 n. 3 (779 SE2d 294) (2015). "[W]hether the [s]tate met its burden [as to venue] is a matter resting soundly within the purview of the jury[,]" *McMullen v. State*, 300 Ga. 173, 175 (2) (794 SE2d 118) (2016) (citation omitted), and "ambiguities in the trial evidence must be resolved by the trial jury, not . . . appellate courts." *Martin*, supra at 47 (citations omitted).

At trial, C. D. testified that one of the several ways Garza molested her was by touching her with his fingers and penis "in [her] butt." And in her recorded forensic interview, which was played for the jury, she mentioned Garza touching her "butt" in the course of describing the molestation that occurred at the motel. The state presented evidence that the motel was located in Ben Hill County, where this case was prosecuted. Even if, as Garza argues, it is not certain from this evidence that this act of molestation occurred at the motel, rather than at another place for which the state did not establish venue,

> [t]he jury was entitled to decide for itself the most reasonable way in which to understand her [purportedly] ambiguous testimony about [the acts that occurred at the motel], and it would not have been unreasonable for the jury to decide that she meant that [the acts that occurred at the motel included Garza placing his fingers and penis on her anus]. Viewed in the light most favorable to the verdict, this evidence would have been sufficient to authorize a rational jury to find beyond a reasonable doubt

6

that [Garza] committed [this particular act of child molestation] in [Ben Hill] County.

*Martin*, 298 Ga. at 48.

2. *Ineffective assistance of trial counsel.*

Garza argues that his trial counsel was ineffective in three respects: trial counsel did not challenge the admissibility of Garza's statement to police; trial counsel did not object to the admission of the forensic interviewer's report on hearsay grounds; and trial counsel did not seek to redact arguably objectionable material from C. D.'s recorded forensic interview. To prevail on his claim, Garza

> must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, [Garza] must show that his lawyer performed [her] duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). And to prove that he was prejudiced by the performance of his lawyer, [Garza] must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694 (III) (B). This burden is a heavy one, and [Garza] has not met it.

*Robinson v. State*, 303 Ga. 321, 325 (3) (812 SE2d 232) (2018) (citation omitted).

(a) *Failure to challenge admissibility of statement to police.*

Garza argues that his trial counsel was deficient in failing to challenge the admissibility of the statement he made during a custodial interview with the police, which he argues was made in violation of his Sixth Amendment right to counsel. The Sixth Amendment guarantees a defendant the right to have counsel present at all "critical" stages of criminal proceedings, including interrogation by law enforcement, but the defendant may knowingly and voluntarily waive that right. *Montejo v. Louisiana*, 556 U. S. 778, 786 (III) (A) (129 SCt 2079, 173 LE2d 955) (2009). The recording of Garza's interview shows that, after being informed of his rights, he waived his right to have counsel present at the interview. Garza argues that this waiver was ineffective because, before the police-initiated interview, he had asserted his right to counsel by filling out forms requesting the appointment of a public defender, and by asking, immediately before entering the interview room, "Where's my lawyer?"

As an initial matter, it is not clear that these alleged acts by Garza constituted an assertion of the right to counsel that would invalidate Garza's waiver of counsel in the police-initiated interview. "A request for a lawyer must be clear and

8

unambiguous; the mere mention of the word 'attorney' or 'lawyer' without more, does not automatically invoke the right to counsel." *Taylor v. State*, __ Ga. __, __ (4) (__ SE2d __) (Case No. S18A0619, decided June 18, 2018) (citation and punctuation omitted). Moreover, our Supreme Court's decision in *Edenfield v. State*, 293 Ga. 370 (744 SE2d 738) (2013), suggests that the assertion of the right to counsel must be made during the custodial interview. See id. at 391 (9) (holding that defendant cannot successfully challenge admission of statements made in custodial interview without counsel present if defendant did not "assert[ ] his right to counsel *during* [the] custodial interview" but instead "waived his right to have counsel present at the custodial interview[ ], after being advised of his rights"; noting that this is true even if the "statements were given after [the defendant] was arrested, after counsel had been appointed, and in custodial interviews initiated by law enforcement and outside the presence of counsel") (citation omitted, emphasis supplied).

*Edenfield* is controlling notwithstanding that it appears to be at odds with our Supreme Court's earlier holding in *O'Kelley v. State*, 278 Ga. 564, 568 (2) (604 SE2d 509) (2004) — a decision Garza cites in support of his argument. But *O'Kelley* relied on a United States Supreme Court decision, *Michigan v. Jackson*, 475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986), that was subsequently overruled in *Montejo v.*

*Louisiana*, 556 U. S. at 797 (IV). And our Supreme Court cited *Montejo* in support of its holding in *Edenfield*, 293 Ga. at 391 (9).

Even if the alleged acts by Garza could constitute an assertion of the right to counsel under the rule set forth in *Edenfield*, supra, the trial court did not err in rejecting Garza's claim of ineffective assistance of counsel. Although Garza bore the burden of demonstrating that his trial counsel was ineffective in failing to challenge the admission of the statement, he offered no evidence that trial counsel knew he had asserted his right to counsel at or before the custodial interview. The recording of the interview depicts no assertion of the right to counsel. At the hearing on Garza's motion for new trial, his trial counsel testified that she could not determine whether Garza filled out a request for appointed counsel before or after his interview. She was not asked at this hearing whether she knew about Garza's question about his lawyer, but Garza testified at the hearing that he could not remember whether he told trial counsel about that question. Moreover, the only evidence that Garza committed the acts that he alleges were an assertion of his right to counsel — filling out the request for a public defender before the interview, and asking about his lawyer — is Garza's own testimony at the motion for new trial hearing. The trial court was authorized to

10

disbelieve Garza's testimony. *Daguilar v. State*, 275 Ga. App. 756, 759 (2) (621 SE2d 846).

(b) *Failure to object to admission of forensic interviewer's report or seek to redact portion of forensic interview recording.*

As to Garza's other two claims of ineffective assistance, he cannot show prejudice because those claims concern trial counsel's failure to address allegedly objectionable evidence that was cumulative of admissible evidence.

Garza argues that his trial counsel should have asserted a hearsay objection to a written synopsis of C. D.'s forensic interview prepared immediately after that interview by the interviewer. The synopsis includes the following handwritten notation under the heading "Evaluation Results":

> Child disclosed that her step-grandad, Simon Garza, touched her butt, breasts, and vagina under her clothes. He put his finger and penis in her vagina, and his penis in her butt. It happened at her house on Cooper St. in Fitzgerald, at a motel in Fitzgerald, and at her house in Primrose Rd. in Fitzgerald; and, at his house in Jonesboro, GA, and in the woods by his house in Jonesboro. It started when she was 10 or 11 years old.

11

The information in this notation was cumulative of C. D.'s recorded statement in the forensic interview, as well as other trial evidence.[1]

Garza also argues that trial counsel should have asked for portions of C. D.'s recorded forensic interview to be redacted as prejudicial and speculative. In the interview, C. D. stated that her grandmother and Garza would drink alcohol in the evening when C. D. spent the night with them at the motel, that C. D. and her family thought that Garza made the grandmother's drinks stronger than his own to "drug" her so that she would not wake up when he molested C. D., and that her grandmother would never wake up during the night. These statements were consistent with the grandmother's trial testimony that Garza got her into the habit of drinking several cocktails at night, that he would sometimes mix her drinks for her, that on at least one occasion her reaction to the drinks was so severe that she had to be helped to bed, and that she never woke up during the night, but "just conked out."

Pretermitting whether trial counsel performed deficiently in these regards, Garza has not shown prejudice because he has not shown a reasonable probability that the result of the proceeding would have been different had trial counsel sought

---

[1] Trial counsel objected to the synopsis on the ground that it was cumulative, but after the state argued that the synopsis would not go out with the jury, the trial court admitted it into evidence.

12

to exclude this cumulative evidence. See *Robinson*, 303 Ga. at 327 (3) (b) ("It is not ineffective assistance . . . to fail to object to hearsay when it is cumulative of other, admissible evidence.") (citation omitted); *Wilson v. State*, 297 Ga. 86, 88 (2) (772 SE2d 689) (2015) ("The failure of trial counsel to object to such cumulative evidence does not support a claim of ineffective assistance of counsel.") (citation omitted).

*Judgment affirmed. Ray and Rickman, JJ., concur*.