**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 14, 2019**

# In the Court of Appeals of Georgia

A18A1907. SCOTT v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Benjamin Scott was convicted of armed robbery and possession of tools for the commission of a crime. Scott appeals the denial of his motion for new trial, arguing that the state failed to prove venue, but the evidence was sufficient to authorize the jury to find that the crimes were committed in Chatham County as charged. Scott also argues that the trial court erred by admitting certain irrelevant hearsay, but we find that it is not highly probable that any such error contributed to the verdict of guilt. So we affirm.

1. *Evidence.*

On appeal from a criminal conviction,

the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is

sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted). So viewed, the evidence showed that the victim was the assistant manager at a Garden City Domino's pizza restaurant in Chatham County. Scott had been a delivery driver for the restaurant.

Scott stopped coming to work. One night three weeks later, the victim was making the night deposit at the Wells Fargo bank adjacent to the Domino's restaurant. He was in the bank parking lot when someone approached him. The hood of the person's shirt partially covered his face.

The victim began to run away, but when he reached the end of the bank parking lot, he slipped and fell. He got up and started running again toward the Domino's restaurant. The robber caught up with him, grabbed him, and slammed him to the ground. As the victim fell, the robber struck him in the back with a long object he was carrying, inflicting injuries requiring stitches, and asked him, "Where's the money at?" The victim recognized the voice as Scott's. The robber grabbed the deposit bags, which contained $1,000, from the victim's hands and ran off.

At the scene, the police recovered a long piece of wood wrapped in yarn with spray-painted razor blades embedded in the sides and an object that seemed to be a homemade tool wrapped in a jacket with an ROTC patch. Scott wore the same kind of jacket with an ROTC patch.

The police executed a search warrant at Scott's house and found bags of yarn, Domino's deposit bags, and deposit slips prepared by the victim in Scott's bedroom. In the trash can outside Scott's house, the police found spray paint and razor blades like the spray paint and razors blades used in the homemade weapons.

At the police station, Scott spontaneously told the lead investigator that he did not hit the victim; rather, the victim ran into his weapon. He also said that he just needed money.

The jury found Scott guilty of armed robbery, two counts of aggravated assault, and possession of tools for the commission of a crime. The trial court merged the aggravated assault convictions into the armed robbery conviction and imposed a sentence of twenty years, twelve years to be served in confinement and the remaining eight years to be served on probation. Scott filed a motion for new trial, which the trial court denied, and then this appeal.

2. *Venue.*

Scott argues that the state failed to prove venue beyond a reasonable doubt. We disagree because, viewed in the light most favorable to the verdict, the evidence was sufficient to authorize the jury to find that the crimes were committed in Chatham County as charged.

We review "a challenge to the sufficiency of the venue evidence just like we review a challenge to the evidence of guilt: we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted." *Worthen v. State*, __ Ga. __, __ (3) (a) (Case No. S18A1212, decided Jan. 22, 2019). "Whether the state met its burden as to venue is a matter resting soundly within the purview of the jury, and ambiguities in the trial evidence must be resolved by the trial jury, not appellate courts." *Garza v. State*, 347 Ga. App. 335, 337 (1) (b) (819 SE2d 497) (2018) (citations and punctuation omitted).

Venue for the crime of armed robbery is the location where the victim lost complete dominion over the property taken. See *Bradley v. State*, 272 Ga. 740, 741-743 (2) (533 SE2d 727) (2000). See also OCGA § 16-8-41 (a) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes

4

property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."). Venue for the crime of possession of tools for the commission of crime is the location where the person "has in his possession any tool, explosive, or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime." OCGA § 16-7-20 (a).

The evidence showed that the robber began chasing the victim while the victim was in the bank parking lot. But before the robber took the money, the victim reached the *end* of the parking lot, fell, got up, and started running again toward the Domino's restaurant adjacent to the bank. Not until the victim fell again — after he had run from the end of the bank parking lot — did the robber take the money.

Trial testimony established that the Domino's restaurant is in Chatham County and that the Domino's and Wells Fargo are adjacent to each other along a seven-lane highway; that the Wells Fargo night deposit box is about 50 yards from the Dominos'; and that the Domino's and Wells Fargo properties are separated only by a two-lane road.

A jury may "reasonably infer that a crime committed near a location in one county was committed in the same county." *Worthen*, __ Ga. at __ (3) (e). The

5

evidence allowed the jury to infer that the crimes committed near the Domino's restaurant in Chatham County were committed in Chatham County.

3. *Hearsay evidence*.

Scott argues that the trial court erred by admitting into evidence a letter sent to Scott while he was being held at the Chatham County Detention Center because the letter was hearsay and irrelevant. We hold that it is not highly probable that any error in the admission of the letter contributed to the verdict of guilt.

A lieutenant in the sheriff's office testified that he had concluded that Scott's mother had written the letter. He based this conclusion on an intercepted phone call between Scott and his mother as well as photographs included in the envelope in which the letter was mailed. The lieutenant testified that a paragraph of the letter was written in code, and that when decoded, the letter stated: "[Y]ou don't have to ask me about putting money on your books. You are under investigation. [A]ll calls are recorded. I have to be careful how much is put on your account at one time."

Scott argues that the statements in the decoded letter were inadmissible because they were irrelevant and hearsay. The state counters that the statements were not hearsay because they were not offered to prove the matters asserted: that Scott did not have to ask his mother to put money on his books; that Scott was under investigation;

6

that all calls were recorded; and that Scott's mother had to be careful of the amount of money put on his account at one time. The state argues that the statements were relevant to prove that Scott had been in possession of the proceeds from the robbery to rebut any impression, created by Scott's questions to witnesses about the location of the proceeds of the robbery, that someone other than Scott was the robber.

We do not reach the issue of whether the trial court erred in admitting the letter because it is not highly probable that any error in its admission contributed to the verdict. See *Kirby v. State*, 304 Ga. 472, 478 (3) (c) (819 SE2d 468) (2018). See also *Kissinger-Campbell v. C. Randall Harrell, M.D., P.A.*, 418 Fed. Appx. 797, 803 (II) (B) (11th Cir. 2011) ("We decline to reach the issue of whether such an implied assertion is inadmissible [as hearsay] because we find that, even if there were error, the error was harmless."). Compare *United States v. Flores*, 286 Fed. Appx. 206, 213 (III) (C) (5th Cir. 2008) ("We have held that [Federal] Rule [of Evidence] 801 removes implied assertions from the coverage of the hearsay rule.") (citation omitted) and *United States v. Palma-Ruedas*, 121 F3d 841, 857 (K) (3d Cir. 1997) ("Statements offered to support an implied assertion are inadmissible hearsay.") (citation omitted), rev'd on other grounds sub nom., *United States v. Rodriguez-Moreno*, 526 U.S. 275 (119 S Ct 1239, 143 LE2d 388) (1999).

7

Here, the victim, who had known Scott through their employment at the Domino's restaurant, identified Scott as the perpetrator. The police found Domino's deposit bags and deposit slips prepared by the victim in Scott's bedroom. They also found materials similar to the materials used to make the homemade weapons at Scott's house. And Scott made statements to the lead investigator implying that he took the money because he needed it and admitting that he injured the victim, albeit unintentionally. Given this evidence of Scott's guilt, it is highly probable that any error in the admission of the letter did not contribute to the verdict of guilt.

*Judgment affirmed. Rickman and Markle, JJ., concur*.