**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2020**

# In the Court of Appeals of Georgia

 A19A2458. PHILLIPS v. THE STATE.

MILLER, Presiding Judge.

A jury found Walter David Phillips guilty of three counts of criminal attempt of enticing a child for indecent purposes (OCGA §§ 16-4-1; 16-6-5). The trial court sentenced Phillips to 45 years' imprisonment, with the first 30 years to be served in confinement and the remainder to be served on probation.[1] Phillips appeals from the trial court's order denying his motion for new trial, arguing that (1) the evidence was insufficient to support his convictions; (2) the trial court erred by denying his motion to suppress statements he made during a police interview; (3) the trial court erred by admitting hearsay evidence of witness statements contained in a police report; and (4)

---

[1] The trial court also imposed a $50 fine.

the trial court erred by refusing to charge the jury on the definition of "indecent acts." For the reasons that follow, we reverse Phillips' convictions.

Viewing the evidence in the light most favorable to the verdicts,[2] the record shows that on December 14, 2013, Kenneth Banks, Sr., along with his girlfriend and his two children, M. B., and K. J., were at a friend's house for a cookout. Kenneth briefly left the cookout to retrieve his stereo while his daughter remained at his friend's house. While M. B. and her friend stood in front of the house, a man, whom M. B. later identified as Phillips, drove by in a black truck and made a "money" gesture to her.[3] M. B. said that Phillips did not say anything to her and that he did not stop the truck once he reached her, but that he continued to drive past her at "medium" speed. When Kenneth returned to the house, M. B. told him what had happened. After speaking with M. B., Kenneth and his friend drove in search for Phillips and found him nearby. When Kenneth exited his car and walked up to Phillips' truck, Phillips sped off. Kenneth saw that the passenger side-view mirror of Phillips' truck had fallen off, and he picked it up placed it in the trunk of his car, and

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[3] M. B. demonstrated the gesture Phillips made for the jury.

chased Phillips while on the phone with police, but stopped chasing Phillips after he lost sight of his truck.

On December 19, 2013, Kelly Banks, M. B.'s mother, was driving in her vehicle with her son K. J., when K. J. told her, "Mama, there's the guy's truck[.]" When Kelly asked her son who he was referring to, K. J. replied, "[t]he one that tried to get [M. B.]." Kelly called the police and told them that she was following Phillips' truck.[4] The police subsequently arrived on scene and conducted a traffic stop of Phillips' truck.

After the traffic stop of Phillips' vehicle, Kenneth arrived on scene along with the side-view mirror that had fallen from Phillips' truck. The officers spoke with Phillips about the side-vew mirror and Phillips told the officer that he did not know how Kenneth came into possession of the mirror and that his truck was "falling apart." The officers took the mirror and matched it to Phillips' vehicle. The officers were subsequently met by several parents and children who had called the police to complain about Phillips. Phillips told the police that he did not know any of the parents or children at the scene and that he had no knowledge of any incident involving children. Phillips then agreed to go to the police station for an interview.

---

[4] The 911 call was entered into evidence and played for the jury.

3

While at the police station, officers investigated Phillips and his vehicle and found reports of other incidents involving Phillips. Specifically, on August 23, 2013, C. H. and her friends had been walking down a street into a yard when she noticed a black truck following her. As the truck passed her, the driver, whom she did not know but later identified as Phillips, pointed at her and gestured for her to enter his truck and sit on the passenger seat. On October 4, 2013, J. D. was riding her bike when a truck began to follow her. As the truck reached J. D., the driver, whom J. D. later identified as Phillips, stopped the truck, rolled down his window, and told her that he liked her hair. Phillips then asked her if she wanted "to put [her] bike in the back of [his] car and go[.]"

Phillips was indicted on four counts of criminal attempt of enticing a child for indecent purposes (OCGA §§ 16-4-1; 16-6-5). The jury found Phillips guilty of three counts of criminal attempt of enticing a child for indecent purposes for the offenses involving C. H., J. D., and M. B.,[5] and Phillips was sentenced to 45 years' imprisonment, with the first 30 years to be served in confinement and the remainder

_____

[5] The jury acquitted Phillips of Count One in the indictment which involved another minor victim, M. M., where the State alleged that Phillips had also tried to entice M. M. to enter his vehicle.

4

to be served on probation. Phillips filed a motion for new trial, which the trial court denied. This appeal followed.

1. First, Phillips argues that the evidence was insufficient to sustain his convictions. We agree that the evidence was insufficient to sustain Phillips' convictions.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.

(Citation omitted.) *Harvey v. State*, 344 Ga. App. 761, 763 (811 SE2d 479) (2018). A person commits the offense of enticing a child for indecent purposes "when he or she solicits, entices, or takes any child, under the age of 16 years to any place whatsoever *for the purpose of child molestation or indecent acts. . . .* A conviction for enticing a child requires evidence of a joint operation of the act of [enticing] a child *and the intention to commit acts of indecency or child molestation*." (Citations

5

and punctuation omitted; emphasis supplied.) *Garza v. State*, 347 Ga. App. 335, 336-337 (1) (a) (819 SE2d 497) (2018). Here, Phillips was convicted of three counts of criminal attempt of enticing a child for indecent purposes. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. To constitute a substantial step, an act must be

> done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it can not accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case.

(Citation omitted.) *Dennard v. State*, 243 Ga. App. 868, 871 (1) (a) (534 SE2d 182) (2000).

> Although a conviction under OCGA § 16-6-5 need not be based upon evidence that an act of indecency or child molestation was accomplished or even attempted, a conviction under OCGA § 16-6-5 must nevertheless be based upon some evidence that *an act of indecency or child molestation was the intended motivation for the enticement*.

(Citation omitted; emphasis in the original.) *Lasseter v. State*, 197 Ga. App. 498, 499 (1) (399 SE2d 85) (1990).

6

Here, Count 2, Count 3, and Count 4 of the indictment all alleged that Phillips committed the offenses of criminal attempt of enticing a child for indecent purposes in that he attempted to entice each of the three victims into his vehicle for an indecent purpose. C. H. testified that as she walked down a street, she noticed a black truck coming towards her. When the truck reached her, C. H. said that Phillips, whom she did not know, pointed at her and gestured for her to come and sit in the passenger's seat of his truck. J. D. testified that as she was riding her bike, a man in his truck, whom she later identified in court as Phillips, began to follow her. Phillips stopped the truck, rolled down his window, and told her that he liked her hair. Phillips then asked her if she wanted "to put [her] bike in the back of [his] car and go[.]" M. B. testified that as she and her friend stood in front of her friend's house, Phillips drove past her in a black truck and made a money gesture to her. Significantly, M. B. said that Phillips did not say anything to her and that he did not stop the truck once he reached her, but that he continued to drive past her at "medium" speed.

Therefore, we conclude that the evidence was insufficient to sustain Phillips' convictions for these offenses. The State had the burden to prove each element of the offense beyond a reasonable doubt, and in this case, the State failed to present any evidence to show that an act of indecency or child molestation was the intended

7

motivation for Phillips' attempted enticement of the victims as required to sustain a conviction under OCGA § 16-6-5. See *Lasseter*, supra, 197 Ga. App. at 498-499 (1) (holding that the evidence was insufficient to sustain the defendant's convictions under OCGA § 16-6-5 where there was no evidence that an act of indecency or child molestation was the motivation for the enticement and the record only showed that the defendant extended "innocuous invitations" to the victims). Compare *Carolina v. State*, 276 Ga. App. 298, 301 (1) (a) (623 SE2d 151) (2005) (holding that the evidence was sufficient to sustain conviction under OCGA § 16-6-5 where the defendant asked the victim to go home with him to charge his cell phone, and after arriving home, the defendant asked the victim sexually suggestive questions); *Moore v. State*, 291 Ga. App. 270, 272 (661 SE2d 868) (2008) (holding that the evidence was sufficient to sustain defendant's conviction under OCGA § 16-6-5, where the defendant asked the victim to accompany him to his residence to retrieve an item, and then subsequently kissed the victim after arriving at his house); *Peavy v. State*, 159 Ga. App. 280, 280-281 (283 SE2d 346) (1981) (holding that the evidence was sufficient to support defendant's convictions under OCGA § 16-6-5 where the defendant drove up to the minor child and asked her if she knew anyone "that takes dirty pictures"). Accordingly, in the absence of evidence showing that an act of

8

indecency or child molestation was the intended motivation behind Phillips' apparent attempts to entice the victims into his vehicle, we must reverse his convictions for these offenses.

2. Phillips also argues that the trial court erred in denying his motion to suppress the statements he made during a police interview, that the trial court erred by admitting hearsay evidence contained in a police report, and that the trial court erred by refusing to charge the jury on the definition of "indecent acts." In light of our holding in Division 1 reversing Phillips' convictions, we do not address these enumerations of error.

Accordingly, for the reasons stated above, we reverse Phillips' convictions for the offenses.

*Judgment reversed. Rickman and Reese, JJ., concur*.