**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 11, 2020**

# In the Court of Appeals of Georgia

A19A2433. SUTTON v. THE STATE.

MARKLE, Judge.

Following a jury trial, Melvin Andrew Sutton was convicted of aggravated assault (OCGA § 16-5-21). Sutton appeals from his conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence, and contending that his trial counsel rendered ineffective assistance by failing to (1) conduct a reasonable investigation and adequately interview witnesses, (2) object to the testimony of an unsworn witness, and (3) introduce certain exculpatory evidence. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that, upon returning home after running errands with their son, Sutton and the victim argued in their front

yard. Sutton began hitting the victim and strangled her. She fell back into her van, and he continued to strangle her until she passed out. Their son attempted to intervene because it appeared that the victim could not breathe and had stopped moving; but he was unsuccessful, and Sutton began choking the victim again. The victim honked the horn to try to draw attention to the situation, managed to fight Sutton off, and was able to escape with her son and call 9-1-1. She met the police at a nearby parking lot, and she and her son gave statements. The responding officer observed that the victim had red marks and scratches on her neck, as if someone had choked her, and that one of her teeth had been knocked out. The officer took photographs of her injuries, and these were admitted at trial and published to the jury. After Sutton was arrested, the victim signed an affidavit not to prosecute because she was too frightened to testify against Sutton. Nevertheless, the victim testified at trial.

The jury convicted Sutton of aggravated assault. Sutton filed a motion for new trial, as amended, contending that the evidence did not support the verdict, and that he received ineffective assistance of counsel on a number of grounds, including those raised before this Court. Following a hearing, the trial court denied the motion, and this appeal followed.

1. Sutton first argues that the evidence was insufficient to support his conviction for aggravated assault because the State failed to prove the necessary element that he used his hands as a deadly weapon. We disagree.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. Thus, in evaluating the sufficiency of the evidence, we do not assess witness credibility or weigh the evidence, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. And the verdict will be upheld so long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case.

(Citations and punctuation omitted.) *Johnson v. State*, 351 Ga. App. 690, 692 (832 SE2d 676) (2019).

Turning to the specific charge as set forth in the indictment, OCGA § 16-5-21(a) (3) provides that "[a] person commits the offense of aggravated assault when he . . . assaults . . . [w]ith any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in strangulation[.]" Strangulation is defined as "impeding the normal breathing or circulation of blood of another person by applying pressure to the throat or neck of such person or by obstructing the nose and mouth of such person." OCGA § 16-5-19 (11).

3

Sutton points to the absence of evidence of bruising, broken bones, or abrasions suffered by the victim, and notes that no medical or dental records were introduced at trial. Sutton disregards the officer's testimony to the contrary: that he observed abrasions on the victim's leg, and on her neck. Moreover, Sutton overlooks the necessary element of strangulation as set forth in the plain language of OCGA §§ 16-5-21(a) (3) and 16-5-19 (11), as well as in the indictment.[1] See *Ledbetter v. State*, 349 Ga. App. 154, 157 (1) (825 SE2d 530) (2019) ("[W]hen the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.") (citations and punctuation omitted).

Here, there is ample evidence that Sutton strangled the victim, as defined by OCGA § 16-5-19 (11). The victim testified that Sutton put his hands around her neck, that she could not breathe, and that the pressure caused her to pass out,[2] as well as to

---

[1] It appears that Sutton relies on the wrong subsection of the aggravated assault statute. He focuses on OCGA § 16-5-21(a) (2), involving a deadly weapon, rather than subpart (a) (3), involving strangulation, which is consistent with the language in the indictment.

[2] The officer testified that the victim reported that she had begun to lose consciousness, but had not actually lost consciousness as a result of Sutton's acts. To the extent that there was conflicting testimony as to whether the victim actually passed out, that was for the jury to resolve. *Graham v. State*, 301 Ga. 675, 677 (1) (804 SE2d 113) (2017) ("[I]t is the role of the jury to resolve conflicts in the evidence

clench her teeth so tightly that it broke one of the teeth on her denture plate. Both the

victim's son and the responding officer corroborated her testimony. And, the jury was

able to view the photographs of the victim's neck. Thus, there is some competent

evidence to satisfy the strangulation element of the aggravated assault charge. OCGA

§ 16-5-21(a) (3); see *Johnson*, 351 Ga. App. at 692.

2. Sutton next argues that trial counsel rendered ineffective assistance by

failing to (1) conduct a reasonable investigation and adequately interview witnesses,

(2) object to the testimony of an unsworn witness, and (3) introduce certain

exculpatory evidence.[3] We disagree.

> To succeed on a claim that counsel was constitutionally ineffective,
> [Sutton] must show both that his attorney's performance was deficient,
> and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.
> S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). Under the first
> prong of this test, counsel's performance will be found deficient only if
> it was objectively unreasonable under the circumstances and in light of
> prevailing professional norms. And under the second prong, prejudice

and to determine the credibility of witnesses, and the resolution of such conflicts
adversely to the defendant does not render the evidence insufficient.") (citation and
punctuation omitted).

[3] In his appellate brief, Sutton makes a passing reference to trial counsel's
failure to move for directed verdict. But this ground is not enumerated as error and
Sutton makes no argument in this regard; therefore, he has abandoned this claim. See
*Williams v. State*, 306 Ga. 365, 366 (828 SE2d 360) (2019).

is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

(Citations and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018). Bearing these principles in mind, we address each of Sutton's claims of ineffective assistance of counsel in turn, finding no merit to them.

(a) Sutton first argues that his trial counsel rendered ineffective assistance by failing to conduct a reasonable investigation and to thoroughly interview witnesses. Specifically, Sutton takes issue with trial counsel's failure to interview the responding officer, his probation officer, the victim, and potential character witnesses. We are not persuaded.

"It is trial counsel's obligation to conduct a reasonable and thorough pretrial investigation, including locating and interviewing potential witnesses." (Citations omitted.) *State v. Walker*, 327 Ga. App. 304, 307 (758 SE2d 836) (2014).

6

Pretermitting whether trial counsel's performance was deficient in this regard,[4] Sutton cannot show he was prejudiced by any such deficiency. "To show prejudice on a claim that trial counsel failed to adequately investigate the case, [Sutton] had to at least make a proffer as to what additional investigation would have uncovered, and not merely speculate that such information exists and would have made a difference." *Lupoe v. State*, 300 Ga. 233, 241 (2) (b) (794 SE2d 67) (2016). However, at the motion for new trial hearing, Sutton made no proffer of what these potential witnesses would have said. He has thus failed to show that the outcome of the trial would have been different, and cannot satisfy the prejudice prong of *Strickland*. Id.; *Colbert v. State*, 345 Ga. App. 554, 556-557 (2) (813 SE2d 777) (2018).

(b) Sutton next claims that trial counsel was ineffective because he failed to object to the victim's son's unsworn testimony. We disagree.

At trial, the victim's son, who was eleven at the time, was asked by the prosecutor if he knew the difference between the truth and a lie, and if he swore to tell the truth, to which he responded in the affirmative. Pretermitting whether this

---

[4] At the motion for new trial hearing, Sutton's trial counsel testified that he sent an investigator to speak with the victim and her son, but she refused; that he spoke with family members at Sutton's request, regarding the character of the victim, but they did not appear for trial; and that he spoke to the probation officer, but that he and Sutton agreed not to call her because her testimony could harm his case.

7

colloquy was sufficient to constitute sworn testimony pursuant to OCGA §§ 24-6-603 and 17-8-52,[5] Sutton has not shown that he was prejudiced by trial counsel's failure to object to the manner in which the son was sworn or to his subsequent testimony.

Here, the victim alone provided strong, if not overwhelming, evidence of Sutton's guilt.[6] And, although her son was the only eyewitness to the altercation, both his testimony and that of the responding officer confirmed the victim's testimony. Moreover, the son's testimony was cumulative of the victim's properly admitted testimony in all respects. Sutton thus cannot show that there was a reasonable probability that the outcome of the trial would have been different had trial counsel objected to the son's testimony. See *Wilson v. State*, 297 Ga. 86, 88 (2) (772 SE2d 689) (2015) ("The failure of trial counsel to object to such cumulative evidence does not support a claim of ineffective assistance of counsel.") (citation omitted).

---

[5] OCGA § 24-6-603 requires every witness to swear an oath to tell the truth prior to testifying, and further provides, "in all criminal proceedings in which a child was a victim of or witness to any crime, the child shall be competent to testify, and the child's credibility shall be determined as provided in this chapter." OCGA § 24-6-603 (b). OCGA § 17-8-52 sets forth the oath to be administered to witnesses in criminal proceedings.

[6] In Georgia, there is no requirement that the victim's testimony be corroborated. See *Thomas v. State*, 282 Ga. App. 522, 523 (1) (639 SE2d 531) (2006) ("Only in felony cases where the single witness is an accomplice does the law require corroboration to sustain the verdict.") (citation omitted).

8

(c) Finally, Sutton contends that his trial counsel was ineffective for failing to submit to the jury the entire affidavit not to prosecute, and to seek to admit into evidence the responding officer's dashcam video and the 9-1-1 recording. Because Sutton has not shown that his trial counsel's performance was deficient with respect to these omissions, we disagree.

We have explained that

> [a]n attorney's decisions on . . . what evidence to introduce, and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel. Such tactical decisions provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen them.

(Citation and punctuation omitted.) *King v. State*, 320 Ga. App. 90, 96 (4) (b) (739 SE2d 654) (2013); see also *Johnson v. State*, 290 Ga. App. 255, 257 (1) (659 SE2d 638) (2008) ("trial strategy and tactics do not establish ineffective assistance.") (citation and punctuation omitted). And, in order to show that counsel's performance was deficient,

> the defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case.

(Citations and punctuation omitted.) *Peterson v. State*, 282 Ga. 286, 290 (4) (647 SE2d 592) (2007).

With regard to the victim's affidavit not to prosecute, Sutton does not challenge trial counsel's failure to interpose an objection to the trial court's ruling that the affidavit would not go out with the jury during its deliberations under the continuing witness rule because it was testimonial in nature. Rather, he challenges trial counsel's decision not to have the victim read the affidavit from the stand or to otherwise present it to the jury in full. First, we note that Sutton's trial counsel testified at the motion for new trial hearing that he *had* presented the affidavit to the jury. And, the record shows that the affidavit was admitted into evidence. Furthermore, it was undisputed at trial that the victim had signed the affidavit, and did so voluntarily. On this record, we cannot say that trial counsel's strategy and tactics were unreasonable. See *Peterson*, 282 Ga. at 290 (4).

With regard to the officer's dashcam video and the 9-1-1 recording, Sutton's trial counsel testified that he opted not to introduce these recordings because, in his opinion, they would harm Sutton's case. Indeed, the responding officer testified that the victim and her son were very upset, and appeared traumatized, when they arrived at the parking lot shortly after calling 9-1-1. To the extent that the recordings would

10

have memorialized the victim's and her son's demeanor, we cannot say that trial counsel's decision to withhold them from the jury's consideration was unreasonable. See *Whatley v. State*, 342 Ga. App. 796, 799 (3) (805 SE2d 599) (2017) ("As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.") (citation and punctuation omitted). Sutton has, therefore, failed to carry his burden to show he received ineffective assistance of trial counsel.

For all these reasons, we affirm Sutton's conviction and the trial court's denial of his motion for new trial.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur*.